1  CHRIS A. HOLLINGER (S.B. #147637)
   chollinger@omm.com
2  ERIC J. KNAPP (S.B. #214352)
   eknapp@omm.com
3  O'MELVENY & MYERS LLP
   Two Embarcadero Center
4  28th Floor
   San Francisco, CA  94111-3823
5  Telephone:   (415) 984-8700
   Facsimile:   (415) 984-8701
6
   FRAMROZE M. VIRJEE (S.B. #120407)
7  fvirjee@omm.com
   MICHAEL W. GARRISON, JR. (S.B. #212647)
8  mgarrison@omm.com
   O'MELVENY & MYERS LLP
9  400 South Hope Street
   Los Angeles, CA 90071
10 Telephone:   (213) 430-6000
   Facsimile:   (213) 430-6047
11
   Attorneys for Defendant
12 THE HERSHEY COMPANY

13                    **UNITED STATES DISTRICT COURT**
                    **NORTHERN DISTRICT OF CALIFORNIA**
14                          **OAKLAND DIVISION**

15 **JULIE CAMPANELLI, SABRINA**          **Case No. C 08-1862 WDB**
   **ANDERSON, NANCY SMITH,**
16 **TARYN SEDGELEY, DANIEL**
   **GOLIN, FRANCIS MCKEEVER,**            **STIPULATED PROTECTIVE ORDER**
17 **BRYAN MILLER, JAMES**                 **REGARDING CONFIDENTIAL**
   **AMICARELLA, and JOSEPHINE**          **DOCUMENTS AND INFORMATION**
18 **GODFREY on their own behalf and**
   **on behalf of all others similarly**
19 **situated,**

20                    **Plaintiffs,**

21           **v.**

22 **THE HERSHEY COMPANY,**

23                    **Defendant.**

24

25               <u>**STIPULATED PROTECTIVE ORDER**</u>

26
       Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,
27
       IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs and
28

Defendant, through their respective counsel, that, during this action, all documents, information, tangible items, and testimony designated as Confidential by the producing party in the above matter be, and hereby are, subject to the following terms and conditions.

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than litigating this case would be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.     DEFINITIONS

2.1     Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     "Confidential" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

STIPULATED PROTECTIVE ORDER
CASE NO. C 08-1862 WDB

2.4     <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5     <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6     <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7     <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential."

2.8     <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9     <u>House Counsel</u>:  attorneys who are employees of a Party.

2.10    <u>Counsel (without qualifier)</u>:  Outside Counsel and House Counsel (as well as their support staffs).

2.11    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.      <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or Counsel to or in Court or in other settings that

STIPULATED PROTECTIVE ORDER
CASE NO. C 08-1862 WDB

1   might reveal Protected Material.

2   4.      DURATION

3          Even after the termination of this litigation, the confidentiality obligations imposed

4   by this Order shall remain in effect until a Designating Party agrees otherwise in writing

5   or a Court order otherwise directs.

6   5.      DESIGNATING PROTECTED MATERIAL

7          5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each

8   Party or non-party that designates information or items for protection under this Order

9   must take care to limit any such designation to specific material that qualifies under the

10   appropriate standards.  A Designating Party must take care to designate for protection

11   only those parts of material, documents, items, or oral or written communications that

12   qualify — so that other portions of the material, documents, items, or communications for

13   which protection is not warranted are not swept unjustifiably within the ambit of this

14   Order.

15          Mass, indiscriminate, or routinized designations are prohibited.  Designations that

16   are shown to be clearly unjustified, or that have been made for an improper purpose (e.g.,

17   to unnecessarily encumber or retard the case development process, or to impose

18   unnecessary expenses and burdens on other parties), expose the Designating Party to

19   sanctions.

20          If it comes to a Party's or a non-party's attention that information or items that it

21   designated for protection do not qualify for protection at all, or do not qualify for the level

22   of protection initially asserted, that Party or non-party must promptly notify all other

23   parties that it is withdrawing the mistaken designation.

24          5.2     Manner and Timing of Designations.  Except as otherwise provided in this

25   Order (see, e.g., second paragraph of section 5.2(a), and sections 5.2(b) and (c), below), or

26   as otherwise stipulated or ordered, material that qualifies for protection under this Order

27   must be clearly so designated before the material is disclosed or produced.

28          Designation in conformity with this Order requires:

4

1          (a)      for information in documentary form (apart from transcripts of

2     depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

3     "CONFIDENTIAL" at the top of each page that contains protected material.  If only a

4     portion or portions of the material on a page qualifies for protection, the Producing Party

5     also must clearly identify the protected portion(s) (e.g., by making appropriate markings

6     in the margins).

7          A Party or non-party that makes original documents or materials available for

8     inspection need not designate them for protection until after the inspecting Party has

9     indicated which material it would like copied and produced.  During the inspection and

10    before the designation, all of the material made available for inspection shall be deemed

11    CONFIDENTIAL.  After the inspecting Party has identified the documents it wants

12    copied and produced, the Producing Party must determine which documents, or portions

13    thereof, qualify for protection under this Order.  Then, before producing the specified

14    documents, the Producing Party must affix the legend "CONFIDENTIAL" at the top of

15    each page that contains Protected Material.  If only a portion or portions of the material on

16    a page qualifies for protection, the Producing Party also must clearly identify the protected

17    portion(s) (e.g., by making appropriate markings in the margins).

18          (b)      for testimony given in deposition or in other pretrial or trial

19    proceedings, that Counsel for the deponent or witness providing testimony, within twenty

20    (20) days after the final version of the transcript has been received by such Counsel,

21    designate any portions of the transcript which contain testimony concerning

22    CONFIDENTIAL information.  Upon the request of Counsel on the record (i.e., before

23    the deposition or proceeding is concluded), deposition or hearing testimony in its entirety

24    shall be treated as CONFIDENTIAL until expiration of the 20-day designation period.

25          (c)      for information produced in some form other than documentary, and

26    for any other tangible items, that the Producing Party affix in a prominent place on the

27    exterior of the container or containers in which the information or item is stored the

28    legend "CONFIDENTIAL."  If only portions of the information or item warrant

STIPULATED PROTECTIVE ORDER
CASE NO. C 08-1862 WDB

protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3     Need for Higher Level of Confidentiality.  In the event the Producing Party believes that material to be produced, or testimony to be given, is deserving of a higher-level of confidentiality than the protections provided herein for "Confidential" materials, the Producing Party shall contact the Party to whom disclosure would otherwise be made to explain the need for and the specifics of the higher level of protection.  The Parties shall meet and confer in good faith to come to agreement on the designation and its scope.  If the Parties cannot agree, the Producing Party shall submit the matter to the Court for resolution per paragraph 6.3 of this Order, and shall not be required to produce the material in question until the Court issues a decision.

5.4     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or as some other level of confidentiality, does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or as some other level of confidentiality after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is made.

6.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not

1   sufficient) with counsel for the Designating Party.  In conferring, the challenging Party

2   must explain the basis for its belief that the confidentiality designation was not proper and

3   must give the Designating Party an opportunity to review the designated material, to

4   reconsider the circumstances, and, if no change in designation is offered, to explain the

5   basis for the chosen designation.  A challenging Party may proceed to the next stage of the

6   challenge process only if it has engaged in this meet and confer process first.

7         6.3    <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a

8   confidentiality designation after considering the justification offered by the Designating

9   Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil

10  Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in

11  detail the basis for the challenge.  Each such motion must be accompanied by a competent

12  declaration that affirms that the movant has complied with the meet and confer

13  requirements imposed in the preceding paragraph and that sets forth with specificity the

14  justification for the confidentiality designation that was given by the Designating Party in

15  the meet and confer dialogue.

16        The burden of persuasion in any such challenge proceeding shall be on the

17  Designating Party.  Until the court rules on the challenge, all parties shall continue to

18  afford the material in question the level of protection to which it is entitled under the

19  Producing Party's designation.

20  7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

21        7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is

22  disclosed or produced by another Party or by a non-party in connection with this case only

23  for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material

24  may be disclosed only to the categories of persons and under the conditions described in

25  this Order.  When the litigation has been terminated, a Receiving Party must comply with

26  the provisions of section 11, below (FINAL DISPOSITION).

27        Protected Material must be stored and maintained by a Receiving Party at a

28  location and in a secure manner that ensures that access is limited to the persons

STIPULATED PROTECTIVE ORDER
CASE NO. C 08-1862 WDB

authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party and/or a Receiving Party's Outside Counsel may disclose any information or item designated CONFIDENTIAL only to:

(a)    the Receiving Party and the Receiving Party's Outside Counsel of record in this action, subject to the exception in paragraph 7.2(h) below, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)    experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(g)    the author of the document or the original source of the information; and

(h)    with respect to employee or personnel records, only the employees or former employees (*i.e.*, named plaintiffs) who are the subject of said records, and not to other persons, employees or former employees (*i.e.*, other named plaintiffs), unless the

8

1   Receiving Party's Outside Counsel has the consent of the subject of said records to further

2   disclose those records.

3   8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

4           OTHER LITIGATION.

5           If a Receiving Party is served with a subpoena or an order issued in other litigation

6   that would compel disclosure of any information or items designated in this action as

7   "CONFIDENTIAL" or as some other level of confidentiality, the Receiving Party must so

8   notify the Designating Party, in writing (by fax, if possible) immediately and in no event

9   more than three court days after receiving the subpoena or order.  Such notification must

10  include a copy of the subpoena or court order.

11          The Receiving Party also must immediately inform in writing the party who caused

12  the subpoena or order to issue in the other litigation that some or all the material covered

13  by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving

14  Party must deliver a copy of this Stipulated Protective Order promptly to the party in the

15  other action that caused the subpoena or order to issue.

16          The purpose of imposing these duties is to alert the interested parties to the

17  existence of this Protective Order and to afford the Designating Party in this case an

18  opportunity to try to protect its confidentiality interests in the court from which the

19  subpoena or order issued.  The Designating Party shall bear the burdens and the expenses

20  of seeking protection in that court of its confidential material — and nothing in these

21  provisions should be construed as authorizing or encouraging a Receiving Party in this

22  action to disobey a lawful directive from another court.

23  9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

24          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

25  Material to any person or in any circumstance not authorized under this Stipulated Protective

26  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

27  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

28  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

9

STIPULATED PROTECTIVE ORDER
CASE NO. C 08-1862 WDB

1  this Order, and (d) request such person or persons to execute the "Agreement to Be Bound by

2  Protective Order" that is attached hereto as Exhibit A.

3  10.   FILING PROTECTED MATERIAL.

4        Without written permission from the Designating Party or a court order secured

5  after appropriate notice to all interested persons, a Party may not file in the public record

6  in this action any Protected Material.  A Party that seeks to file under seal any Protected

7  Material must comply with Civil Local Rule 79-5.

8  11.   FINAL DISPOSITION.

9        Unless otherwise ordered or agreed in writing by the Producing Party, within sixty

10  days after the final termination of this action, each Receiving Party must return all

11  Protected Material to the Producing Party.  As used in this subdivision, "all Protected

12  Material" includes all copies, abstracts, compilations, summaries or any other form of

13  reproducing or capturing any of the Protected Material.  With permission in writing from

14  the Designating Party, the Receiving Party may destroy some or all of the Protected

15  Material instead of returning it.  Whether the Protected Material is returned or destroyed,

16  the Receiving Party must submit a written certification to the Producing Party (and, if not

17  the same person or entity, to the Designating Party) by the sixty day deadline that

18  identifies (by category, where appropriate) all the Protected Material that was returned or

19  destroyed and that affirms that the Receiving Party has not retained any copies, abstracts,

20  compilations, summaries or other forms of reproducing or capturing any of the Protected

21  Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy

22  of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

23  work product, even if such materials contain Protected Material.  Any such archival

24  copies that contain or constitute Protected Material remain subject to this Protective Order

25  as set forth in Section 4 (DURATION), above.

26        In addition, at Hershey's expense, an archival copy of all Protected Material it

27  produces in this case shall be retained by Outside Counsel for Hershey for a period of four

28  years from the date of final disposition of this case.  If Plaintiffs' Counsel needs access to

STIPULATED PROTECTIVE ORDER
CASE NO. C 08-1862 WDB

1   any of said Protected Material within the four year term, they may serve a written request

2   upon Hershey's Outside Counsel setting forth the reasons for needing access to the

3   Protected Material.  Hershey's Outside Counsel shall timely respond to such a request and

4   shall not unreasonably decline Plaintiffs' Counsel's request to access the Protected

5   Material.  In the event Hershey's Outside Counsel does not agree to allow Plaintiffs'

6   Counsel access to the Protected Material, Plaintiffs' Counsel may submit the matter to the

7   Court for resolution.  If the Court determines that the reasons set forth by Plaintiffs'

8   Counsel for needing access to the Protected Material are justified, it shall order Outside

9   Counsel for Hershey to provide Plaintiffs' Counsel with access to the Protected Material,

10  and, once received, Plaintiffs' Counsel shall treat the Protected Material in accordance

11  with the terms of this Protective Order.

12  12.   <u>MISCELLANEOUS</u>

13       12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

14  person to seek its modification by the Court in the future.

15       12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

16  Protective Order no Party waives any right it otherwise would have to object to disclosing

17  or producing any information or item on any ground not addressed in this Stipulated

18  Protective Order.  Similarly, no Party waives any right to object on any ground to use in

19  evidence of any of the material covered by this Protective Order.

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
CASE NO. C 08-1862 WDB

1  Respectfully submitted,

2

3

4

5  Dated:  March 11, 2009.                    O'MELVENY & MYERS LLP
                                               FRAMROZE M. VIRJEE
6                                              CHRIS A. HOLLINGER
                                               MICHAEL W. GARRISON, JR.
7                                              ERIC J. KNAPP

8
                                               By:  ___/s/ CHRIS A. HOLINGER___
9                                                        CHRIS A. HOLLINGER

10                                             Attorneys for Defendant
                                               THE HERSHEY COMPANY
11

12
   Dated:  March 11, 2009.                    BRANDI LAW FIRM
13                                             THOMAS J. BRANDI
                                               TERRENCE D. EDWARDS
14                                             BRIAN J. MALLOY

15                                             LAW OFFICE OF DAVID C. FEOLA, P.C.
                                               DAVID C. FEOLA
16

17
                                               By:  ___/s/ THOMAS J. BRANDI___
18                                                        THOMAS J. BRANDI

19                                             Attorneys for Named Plaintiffs

20                                **ORDER**

21
            Subject to the parties' stipulation, the foregoing Protective Order is
22
   approved, and IT IS SO ORDERED.
23

24

25   Dated:  March __12__, 2009.

26                                                                    _____
                                                                      UNITED STATES MAGISTRATE JUDGE
27

28

                                    12                      STIPULATED PROTECTIVE ORDER
                                                            CASE NO. C 08-1862 WDB

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

# EXHIBIT A

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| **JULIE CAMPANELLI, SABRINA ANDERSON, NANCY SMITH, TARYN SEDGELEY, DANIEL GOLIN, FRANCIS MCKEEVER, BRYAN MILLER, JAMES AMICARELLA, and JOSEPHINE GODFREY on their own behalf and on behalf of all others similarly situated,** | Case No. C 08-1862 WDB |
| **Plaintiffs,** | **CERTIFICATION** |
| **v.** | |
| **THE HERSHEY COMPANY,** Defendant. | |

1.    My name is _____.

I live at _____.

I am employed as (state position) _____

by (state name and address of employer) _____.

2.    I have read the Confidentiality Order that has been entered in this case, and a copy of it has been given to me.  I understand the provisions of this Order, and agree to comply with and to be bound by its provisions.

3.    I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ (date)

by _____ (signature)