1  THE BRANDI LAW FIRM
   THOMAS J. BRANDI (CA Bar No. 53208)
2  BRIAN J. MALLOY (CA Bar No. 234882)
   354 Pine Street, Third Floor
3  San Francisco, CA 94104
   Telephone: (415) 989-1800
4  Facsimile:  (415) 707-2024
   Email: tjb@brandilaw.com
5
6  HOBAN & FEOLA, LLC
   DAVID C. FEOLA* (CO Bar No. 18789)
7  4611 Plettner Lane, Suite 110
   Evergreen, Colorado 80439
8  Phone: (303) 674-7000
   Fax:     (303) 674-6684
9  Email:  David@Feolalaw.com
10
11  * Admitted pro hac vice
12  Attorneys for Plaintiffs

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15  JULIE CAMPANELLI, et al.           )  Case No.: 08-cv-01862-BZ
16                                     )
                                       )  **COLLECTIVE ACTION**
17         Plaintiffs,                 )
                                       )
18              v.                     )  **PLAINTIFFS' JOINT OPPOSITION TO**
                                       )  **DEFENDANT THE HERSHEY**
19  THE HERSHEY COMPANY,               )  **COMPANY'S MOTION FOR PARTIAL**
                                       )  **SUMMARY JUDGMENT RE:**
20         Defendant.                  )  **CALCULATION OF FLSA OVERTIME**
                                       )  **DAMAGES (DOCKET NO. 303) AND**
21                                     )  **PLAINTIFFS' CROSS-MOTION FOR**
                                       )  **SUMMARY JUDGMENT RE:**
22                                     )  **CALCULATION OF FLSA OVERTIME**
                                       )  **DAMAGES**
23                                     )
                                       )
24                                     )  **Date:  February 2 and 16, 2011**
                                       )  **Time:  10:00 a.m.**
25                                     )  **Courtroom:  G, 15th Floor**
                                       )  **Judge:  Hon. Bernard Zimmerman**
26
27
28  PLAINTIFFS' JOINT OPPOSITION TO DEFENDANT THE HERSHEY COMPANY'S MOTION FOR PARTIAL
    SUMMARY JUDGMENT RE: CALCULATION OF FLSA OVERTIME DAMAGES (DOCKET NO. 303) AND
    PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT RE: CALCULATION OF FLSA OVERTIME DAMAGES -
    Case No.: 08-cv-01862-BZ

**TABLE OF CONTENTS**

INTRODUCTION                                                                                 2

LEGAL ARGUMENT                                                                              4

    I.    Summary Judgment Standard and the FLSA's Narrowly Construed Exemptions    4

    II.    The RSRs Are Entitled To 1.5 Multiplied By Their Regular Rate of Pay Rather Than .5 Multiplied By Their Regular Rate of Pay For Each Hour Worked In Excess of Forty Per Week    4

        A.    Hershey Failed To Raise The Fluctuating Workweek Methodology In Any Form As An Affirmative Defense And Therefore Its Application Is Waived    5

        B.    Hershey Compensated the RSRs Explicitly For Only 38.75 Hours Per Week and Therefore Their Regular Rate of Pay Is Their Weekly Salary Divided By 38.75    6

        C.    As A Matter of Law, Under the FLSA An Employee Is Entitled To 1.5 Multiplied By Their Regular Rate of Pay Rather Than a .5 Multiplied By Their Regular Rate of Pay For Each Hour Worked In Excess of 40 Per Week As Remedial Compensation For Overtime Violations    7

            1.    Hershey Concedes That Fluctuating Workweek Methodology Set Forth in 29 C.F.R. § 778.114 Is Inapplicable To the RSRs    7

            2.    Where, As Here, The Requirements of 29 C.F.R. § 778.114 Are Not Satisfied, The Employee's Fixed Weekly Salary Only Compensates The Employee For 40 Hours Per Week    8

            3.    The Seventh Circuit's Decision In *Urnikis-Negro* Is Fundamentally Flawed And Leads To Results Inconsistent with the Remedial Purpose of the FLSA    11

            4.    Even If The Court Agrees With *Urnikis-Negro*, Hershey Cannot Establish The Factual Predicates Exist As to the RSRs    13

CONCLUSION                                                                                 15

i

# TABLE OF AUTHORITIES

<u>CASES</u>

Anderson v. Liberty Lobby, Inc.
    477 U.S. 242 (1986) .................................................................................................... 4

Barrentine v. Arkansas-Best Freight System, Inc.
    450 U.S. 728 (1981) ................................................................................................. 8, 9

Bratt v. County of Los Angeles
    912 F.2d 1066 (9th Cir. 1990) ................................................................................... 4

Brown v. Nipper Auto Parts and Supplies, Inc.
    No. 7:08cv00521, 2009 WL 1437836, (W.D.Va. May 21, 2009) ............................. 9

California Sansome v. U.S. Gypsum
    55 F.3d 1402 (9th Cir. 1995) ..................................................................................... 4

Carter v. Dutchess Cmty. Coll.
    735 F.2d 8 (2d Cir. 1984) ......................................................................................... 9

Christensen v. Harris County
    529 U.S. 576 (2000) ................................................................................................ 11

Corning Glass Works v. Brennan
    417 U.S. 188 (1974) .................................................................................................. 4

Dingwall v. Friedman Fisher Associates
    3 F.Supp.2d 215 (N.D.N.Y. 1998) ........................................................................... 5

Hunter v. Sprint Corp.
    453 F.Supp.2d 44 (D.D.C. 2006) .......................................................... 9, 10, 12, 15

In Re Texas EZPawn Fair Labor Standards Act Litigation
    633 F.Supp.2d 395 (W.D.Tex. 2008) ............................................................... *passim*

Klem v. County of Santa Clara
    208 F.3d 1085 (9th Cir. 2000) ................................................................................. 4

Monahan v. Emerald Performance Materials, LLC
    705 F.Supp.2d 1206 (W.D.Wash. 2010) ................................................................. 9

Morrison v. Mahoney
    399 F.3d 1042 (9th Cir. 2005) ................................................................................. 5

O'Brien v. Town of Agawam
       350 F.3d 279 (1st Cir. 2003)                                                          4, 9

Onyeneho v. Allstate Ins. Co.
       466 F.Supp.2d 1 (D.D.C. 2006)                                                         5

Overnight Motor Transp. Co. v. Missel
       316 U.S. 572 (1942)                                                                   *passim*

Rainey v. American Forest and Paper Ass'n, Inc.
       26 F.Supp.2d 82 (D.D.C. 1998)                                                         9

Russell v. Wells Fargo and Company
       672 F.Supp.2d 1008 (N.D.Cal. 2009)                                                    *passim*

Scott v. OTS Inc.
       No. Civ.A. 1:02CV1950-AJB, 2006 WL 870369, (N.D.Ga. March 31, 2006)                   9

Urnikis-Negro v. American Family Property Services
       616 F.3d 665 (7th Cir. 2010)                                                          *passim*

STATUTES

29 C.F.R.
       § 778.109                                                                             6
       § 778.113                                                                             6
       § 778.114                                                                             *passim*

29 U.S.C.
       § 202                                                                                 8, 12
       § 207(a)(1)                                                                           *passim*

OTHER AUTHORITIES

Fed.R.Civ.P. 56(c)                                                                           4

TABLE OF CONTENTS – TABLE OF AUTHORITIES

## NOTICE OF MOTION

**TO DEFENDANT THE HERSHEY COMPANY AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT  on February 16, 2010 at 10:00 a.m., or as soon thereafter as the matter can be heard in Courtroom G, 15th Floor, of the above-entitled Court, Plaintiffs JULIE CAMPANELLI, SABRINA ANDERSON, NANCY SMITH, TARYN SEDGELEY GOLIN, KEVIN SHANAHAN, FRANCIS MCKEEVER, BRYAN MILLER, JAMES AMICARELLA, JOSEPHINE GODFREY, JOHN MICHALSKI, KAREN METZGER, ROBERT MUSOLF, SCOTT WOOD, JUAN CARLOS LOPEZ, CHRIS NIELSEN, ANNE COMPTON, ANDREW LEVISON, CHARLOTTE BRYN ALLEN,  DANIEL HALLARAN, RON ROBERTS, RYAN PARSONS and All Opt-In Plaintiffs who have submitted a Consent to Join forms ("Plaintiffs") pursuant to Federal Rule of Civil Procedure ("Rule") 56 will move the Court for an Order granting partial summary judgment in favor of Plaintiffs and against defendant The Hershey Company ("Hershey") (1) on Hershey's assertion that, should Plaintiffs be found to be not exempt from the overtime pay requirements of the Fair Labor Standards Act ("FLSA"), the overtime due to Plaintiffs should be calculated on the basis of the fluctuating workweek methodology rather than the FLSA's statutory requirement of one and one half times the regular rate of pay for all hours worked in excess of 40 per week and (2) that Plaintiffs' regular rate of pay is their weekly salary divided by 38.75 hours per week, and that they are entitled to 1.5 multiplied by this rate of pay for all hours worked in excess of 40 per week should they be found to be misclassified as exempt employees.

This motion is based upon this Notice, the Memorandum of Points and Authorities, declarations, pleadings, and other exhibits in support thereof, as well as any documents or testimony presented at the time of hearing.

---

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiffs submit this brief jointly as an Opposition to Hershey's Motion for Partial Summary Judgment Re: Calculation of FLSA Overtime Damages (Docket No. 303) and Plaintiffs' Cross-Motion for Partial Summary Judgment Re: Calculation of FLSA Overtime Damages.[1]

Plaintiffs are entitled to time and a half multiplied by their regular rate of pay as compensation for all hours worked in excess of 40 per week under the FLSA.[2]

Under the procedural and factual posture of this case, this Court need not decide the issue Hershey's motion presents: whether Judge Claudia Wilken's decision in *Russell v. Wells Fargo and Company*, 672 F.Supp.2d 1008 (N.D.Cal. 2009) should be followed as opposed to *Urnikis-Negro v. American Family Property Services*, 616 F.3d 665 (7th Cir. 2010), *cert. filed* 12/2/10 (No. 10-745).

Procedurally, Hershey failed to raise the fluctuating workweek methodology – whether styled as *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572 (1942), 29 C.F.R. § 778.114, or even "fluctuating work week" - as an affirmative defense.  It is therefore waived.

Factually, Hershey fails to mention that its own compensation documents demonstrate that the Retail Sales Representatives' ("RSRs") salary only compensates them for 38.75 hours per week.  The payroll statements that **the RSRs** receive **reflect that the salary is only for 38.75 hours per week**.  This payment arrangement is consistent with Hershey's policies and procedures where Hershey pays non-exempt salaried employees their salary up to 38.75 hours per week, straight time for hours worked between

---

[1]    Hershey noticed its motion for February 2, 2011, and this filing is submitted in opposition to that motion.  Plaintiffs' motion is noticed for February 16, 2011, and this filing is also submitted in support of that motion.

[2]    Hershey did not move for partial summary judgment, and there is no dispute, that the California RSRs are entitled to 1.5 hourly rate multiplier as overtime compensation under California law.

2

38.75 and 40, and **time and a half for hours worked in excess of forty per week**.  Accordingly, the RSRs' regular rate of pay is their weekly salary divided by 38.75 hours per week, and they are entitled to 1.5 multiplied by this rate of pay for all hours worked in excess of 40 per week should they be found to be misclassified as exempt employees.

Nevertheless, the Court should follow Judge Wilken's decision in *Russell* and reject the decision of *Urnikis-Negro*.  The parties agree that the fluctuating work week interpretative regulation promulgated by the United States Department of Labor ("DOL"), 29 C.F.R. § 778.114, is not applicable to Plaintiffs in this case.  *Russell* held, consistent with the FLSA and other courts, that where, as here, the requirements of 29 C.F.R. § 778.114 are not satisfied, the employee's fixed weekly salary is meant to compensate him **solely for 40 hours of work**.  The Seventh Circuit's decision in *Urnikis-Negro* finding that it could apply the fluctuating workweek methodology independent of 29 C.F.R. § 778.114 misinterprets the FLSA and DOL's regulations and leads to adverse consequences which are inconsistent with the remedial purposes FLSA.

Even if, however, the Court were to follow *Urnikis-Negro* and reject *Russell*, the factual requirement set forth in *Urnikis-Negro* for applying this different fluctuating workweek methodology are not present in this case.  *Urnikis-Negro*, which was based on factual findings following a bench trial and not on summary judgment, outlined a presumption that a fixed weekly salary is meant to compensate for 40 hours per week, and the employer bears the burden of overcoming this presumption with evidence that the employee's salary would be compensation for all hours worked.  Here, genuine issues of material fact exist on this issue because Hershey's compensation states that the salary is to compensate for 38.75 hours per week and Thomas Smuda, Hershey's high-level executive in charge of Hershey's United States sales force, stated that the RSRs are told it is an eight hour a day job, which is consistent with RSR testimony that Hershey never said the job was more than 40 hours per week.

3

Accordingly, Plaintiffs' motion should be granted and Hershey's motion should be denied.

**LEGAL ARGUMENT**

### I.        Summary Judgment Standard and the FLSA's Narrowly Construed Exemptions

Summary judgment is proper where the pleadings, discovery and affidavits show there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See* Fed.R.Civ.P. 56(c).  Material facts are those that may affect the outcome of the case.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  Hershey bears the burden of proof on its affirmative defenses.  *See California Sansome v. U.S. Gypsum,* 55 F.3d 1402, 1406 (9th Cir. 1995).

The FLSA "is to be liberally construed to apply to the fullest reaches consistent with Congressional direction" and the "FLSA exemptions are to be narrowly construed against employers."  *Klem v. County of Santa Clara*, 208 F.3d 1085, 1089 (9th Cir. 2000) (internal quotations and citations omitted).  Exemptions to the FLSA's regular rate calculation are likewise to be narrowly construed.  *O'Brien v. Town of Agawam*, 350 F.3d 279, 294 (1st Cir. 2003).  Hershey bears the burden of proof of establishing by a preponderance of the evidence that an exemption to the FLSA's overtime requirements applies.  *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-197 (1974); *Bratt v. County of Los Angeles,* 912 F.2d 1066, 1069 (9th Cir.1990).

### II.       The RSRs Are Entitled To 1.5 Multiplied By Their Regular Rate of Pay Rather Than .5 Multiplied By Their Regular Rate of Pay For Each Hour Worked In Excess of Forty Per Week

Under the FLSA, an employee who works in excess of forty hours per week shall be paid time and a half for each hour over 40 worked.  29 U.S.C. § 207(a)(1).   The fluctuating workweek methodology, no matter how Hershey styles it, in which an employee is paid .5 times his or her regular rate of pay instead of 1.5 times the regular rate of pay for overtime compensation, is inapplicable to this case.

### A.  Hershey Failed To Raise The Fluctuating Workweek Methodology In Any Form As An Affirmative Defense And Therefore Its Application Is Waived

Although Hershey raised 23 affirmative defenses in its Answer to the operative Third Amended Complaint ("TAC"), Hershey did not assert the fluctuating workweek methodology – whether styled as *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572 (1942), 29 C.F.R. § 778.114, or even "fluctuating work week" - an affirmative defense.  (*See* Answer to TAC at 25-31, Ex. A).[3]

The FLSA's statutory language requires time and a half be paid for any hours worked in excess of 40 per week.  29 U.S.C. § 207(a)(1).  Like any other exemption from the requirements of the FLSA, the fluctuating workweek methodology is a defense to the time and a half overtime pay requirements of the FLSA.  *See* 29 C.F.R. § 778.114; *see also e.g.*, *Onyeneho v. Allstate Ins. Co.*, 466 F.Supp.2d 1, 5 (D.D.C. 2006) (noting defendant asserted fluctuating workweek as a defense); *Dingwall v. Friedman Fisher Associates*, 3 F.Supp.2d 215, 221 (N.D.N.Y.1998) (fluctuating workweek method "is an exception to the normal rights of the employee and thus the employer bears the burden of proving that all the requirements for applying the method are present.").[4]  An affirmative defense not raised in an Answer is waived. *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir.2005).

Not only did Hershey fail to affirmatively plead it as a defense, but Hershey disclaimed reliance on the fluctuating workweek method of calculating damages.  Plaintiffs propounded Interrogatory Nos. 11 and 12 which sought to reveal whether Hershey was contending the fluctuating workweek applies and the facts supporting its application:

---

[3]   "Ex." refers to the exhibits attached to the Declaration of Brian J. Malloy In Opposition to Hershey's motion for partial summary judgment and in support of Plaintiffs' cross-motion for partial summary judgment re: calculation of FLSA damages.

[4]    *But see In re Texas EZPawn Fair Labor Standards Act Litigation*, 633 F.Supp.2d 395 (W.D.Tex. 2008) (holding that fluctuating workweek method not an affirmative defense but fluctuating workweek method of calculating damages under FLSA was inapplicable in misclassification cases).

INTERROGATORY NO. 11
If YOU contend that there was an understanding between YOU and each of the named Plaintiffs that the named Plaintiffs would be paid using the fluctuating workweek method, please identify all facts YOU claim support such a contention relative to each Plaintiff.

INTERROGATORY NO. 12
If YOU contend that YOU and each of the named Plaintiffs shared a clear mutual understanding regarding the use of the fluctuating work week method of overtime calculation, please identify all facts which YOU claim support such a contention relative to each Plaintiff.

(Hershey's Objections and Answers to Plaintiffs' Interrogatories, Set No. One at 10:1-5, 21-25, Ex. B).

After numerous objections, Hershey responded that, "Hershey does not so contend." (*Id*. at 10:19-20).

Because Hershey failed to raise this defense in its answer as an affirmative defense, it is waived.

### B. Hershey Compensated the RSRs Explicitly For Only 38.75 Hours Per Week and Therefore Their Regular Rate of Pay Is Their Weekly Salary Divided By 38.75

This Court need not decide the issue that Hershey's motion raises, whether the Court should follow Judge Wilken's decision in *Russell* as opposed to the Seventh Circuit's decision *Urnikis-Negro* because the undisputed facts are that Hershey's compensation documentation reflects that the RSRs' salary is to compensate them for only 38.75 hours per week.

The employee's regular rate of pay is the amount of compensation he or she receives per hour. 29 C.F.R. § 778.109. To determine the regular rate of pay for a salaried employee, the weekly salaried is divided by the number of hours which the salary is intended to compensate. 29 C.F.R. § 778.113. This is a straightforward calculation for the RSRs because, critically, ***the payroll statements that the RSRs receive reflect that their salary is only for 38.75 hours per week***. (Sep. Stmt. ¶ 1, Ex. C) (77.5 hours for two weeks, or 38.75 per week).

The RSRs' payroll statements are consistent with Hershey's policy of treating a workday as 7.75 hours, workweek as 38.75 hours, and a salary as compensating for only 38.75 hours per week. (Sep. Stmt. ¶ 2, H00000029 (Ex. D); *see also* Deposition of Rule 30(b)(6) designee Christine Slotznick 59:10-19, Ex.

6

E).  After RSRs are hired, Hershey provides them the Hershey Salaried Employee Handbook.  (Sep. Stmt. ¶ 3, Slotznick at 116:10-25, Ex. E).  The Handbook advises employees, including all RSRs, that a normal Hershey workday is 7.75 hours, and the normal workweek is 38.75 hours.  (Sep. Stmt. ¶ 4, *Id.* at 51:9-19, Ex. E; *see also* H00000029, Ex. D).  The Handbook also advises salaried employees who have been classified as non-exempt that they will be paid straight time for hours worked between 38.75 hours and 40.0 hours per week and **one-and-one-half time for all hours worked over 40.0 hours per week.**  (Sep. Stmt. ¶ 5, H00000029, Ex. D; *see also* Slotznick 56:24-57:6, Ex. E).  Hershey has *never* paid its workers only at .5 hourly rate multiplier for overtime (Sep. Stmt. ¶ 6, Slotznick 87:17-23, Ex. E), as it now contends in this litigation.

Accordingly, calculating the RSRs' regular rate of pay in this case is a rather simple calculation: the weekly salary divided by 38.75 hours per week.  The RSRs would therefore be entitled to 1.5 multiplied by this rate of pay for all hours worked in excess of forty per week.  29 U.S.C. § 207(a)(1).

### C. As A Matter of Law, Under the FLSA An Employee Is Entitled To 1.5 Multiplied By Their Regular Rate of Pay Rather Than a .5 Multiplied By Their Regular Rate of Pay For Each Hour Worked In Excess of 40 Per Week As Remedial Compensation For Overtime Violations

#### 1. Hershey Concedes That Fluctuating Workweek Methodology Set Forth In 29 C.F.R. § 778.114 Is Inapplicable To the RSRs

Hershey's motion concedes that the fluctuating workweek method set forth by the DOL's regulation 29 C.F.R. § 778.114 is inapplicable to the RSRs (*see, e.g.*, Hershey Motion at 8:17-12:22), but instead contends that the decision in *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572 (1942), provides a separate and independent ground than 29 C.F.R. § 778.114 for applying the fluctuating workweek method. Indeed, Hershey has made ***no showing at all*** that the factual requirements of 29 C.F.R. § 778.114 are

PLAINTIFFS' JOINT OPPOSITION TO DEFENDANT THE HERSHEY COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: CALCULATION OF FLSA OVERTIME DAMAGES (DOCKET NO. 303) AND PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT RE: CALCULATION OF FLSA OVERTIME DAMAGES - Case No.: 08-cv-01862-BZ

satisfied.[5]  Thus, it is undisputed, and the Court should hold as a matter of law, that the DOL's fluctuating

workweek interpretative regulation, 29 C.F.R. § 778.114, is not applicable in this case and the Plaintiffs'

regular rate of pay and overtime compensation cannot be calculated on the basis of that regulation.

> **2. Where, As Here, The Requirements of 29 C.F.R. § 778.114 Are Not Satisfied, The Employee's Fixed Weekly Salary Only Compensates The Employee For 40 Hours Per Week**

Because the parties agree that 29 C.F.R. § 778.114 is not applicable in this case as means of

calculating overtime damages, the only issue is whether the Supreme Court's decision in *Missel*, as

interpreted by the Seventh Circuit in *Urnikis-Negro*, provides a separate and independent ground for

applying a (less exacting) fluctuating workweek methodology.  The answer is unequivocally no.

The FLSA was intended to eliminate "labor conditions detrimental to the maintenance of the

minimum standard of living necessary for health, efficiency, and general well-being of workers."  29

U.S.C. § 202.  In a message to Congress, President Franklin Roosevelt explained the FLSA's purpose is

intended to ensure "a fair day's pay for a fair day's work [because] [a] self-respecting democracy can plead

no . . . economic reason for chiseling workers' wages or stretching workers' hours."  *Russell*, 672

F.Supp.2d at 1010 (abbreviated quotation from H.R. Rep. 101-260, at 9 (1989), *reprinted in* 1989

U.S.C.C.A.N. 696, 696-97).

The FLSA set the general rule that all hours worked in excess of 40 per week would receive

overtime compensation a time and a half rate.  29 U.S.C. § 207(a).  Although overtime work was not

prohibited, the FLSA created a financial disincentive to its use.  *See Barrentine v. Arkansas-Best Freight

System, Inc.*, 450 U.S. 728, 739 (1981).  Congress' intent was to reduce work hours and spread

---

[5]      Hershey cannot demonstrate the factual requirements of 29 C.F.R. § 778.114 are established here because it is undisputed that the RSRs were not contemporaneously paid overtime and there is no evidence of a clear mutual understanding that a fixed salary will be paid for fluctuating hours apart from overtime premiums.

employment. *Id.* Thus, because of the remedial nature of the FLSA, it is to be expansively interpreted. *See Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984).

Due to the remedial purpose of the FLSA, where, as here, the requirements of 29 C.F.R. § 778.114 are not satisfied, the employee's fixed weekly salary is meant to compensate him ***solely at the statutory rate of 40 hours per week***. *See* 29 U.S.C. § 207(a)(1); *Russell v. Wells Fargo and Company*, 672 F.Supp.2d 1008 (N.D.Cal. 2009); *Monahan v. Emerald Performance Materials, LLC*, 705 F.Supp.2d 1206, 1218 (W.D.Wash. 2010); *Brown v. Nipper Auto Parts and Supplies, Inc.*, No. No. 7:08cv00521, 2009 WL 1437836, *7 (W.D.Va. May 21, 2009) ("The court finds that Nipper Auto's evidence is insufficient to allow a reasonable jury to conclude that Brown is subject to the FWW method of compensation; therefore, Brown's overtime pay rate is one and one-half times his regular rate of pay."); *Texas EZPawn,* 633 F.Supp.2d at 399-406; *Hunter v. Sprint Corp.*, 453 F.Supp.2d 44, 62 (D.D.C. 2006) ("Sprint may not calculate Price's regular rate of pay based on all the hours that he actually worked, but rather must do so on the basis of 'the number of hours which the salary is intended to compensate'-that is, forty hours per week."); *Scott v. OTS Inc.,* No. Civ.A. 1:02CV1950-AJB, 2006 WL 870369, *11-12 (N.D.Ga. March 31, 2006); *Rainey v. American Forest and Paper Ass'n, Inc.*, 26 F.Supp.2d 82, 102 (D.D.C. 1998).

Contrary to the basis of Hershey's *entire* motion, *Missel* is not a separate basis from 29 C.F.R. § 778.114 for applying the fluctuating workweek methodology but instead 29 C.F.R. § 778.114 codified the *Missel* decision. *Russell*, 672 F.Supp.2d at 1011-1012 ("In 1968, the Department of Labor (DOL) promulgated 29 C.F.R. § 778.114, an interpretive rule intended to codify the Supreme Court's decision in *Overnight Motor*.");[6] *see also O'Brien v. Town of Agawam,* 350 F.3d 279, 287 n. 15 (1st Cir.2003) ("§ 778.114 represents the Secretary of Labor'[s implementation of the Supreme Court's holding in *Overnight*

---

[6]     The defendants in *Russell*, like Hershey here, argued that "29 C.F.R. § 778.114 sheds no light on the issues before this court." *Russell*, 672 F.Supp.2d at 1012 fn.1.

*Motor Transp. Co. v. Missel,* 316 U.S. 572, 580, 62 S.Ct. 1216, 86 L.Ed. 1682 (1942) . . .”); *Texas EZPawn*, 633 F.Supp.2d at 399 (in an effort to resolve “confusion that lingered” after *Missel* and another case, DOL adopted  29 C.F.R. § 778.114 as “an interpretation of  § 207(a) consistent with the *Missel* decision”); *Hunter,* 453 F.Supp.2d at 58.[7]  29 C.F.R. § 778.114 therefore provides the framework to employers who seek to use the fluctuating workweek methodology, and those employers who do not meet its framework are bound by the FLSA’s statutory time and half requirement of 29 U.S.C. § 207(a)(1).[8]

Moreover, and contrary to Hershey’s motion (at 11:16-12:8), *Missel*  held that while “an employer and employee could legally agree, in certain circumstances, to a compensation arrangement where the employee would be paid a flat weekly rate for fluctuating hours,” in order “to satisfy section 207, the agreement must contain a provision for overtime pay . . . .” *Russell*, 672 F.Supp.2d at 1011 (citing *Missel*, 316 U.S. at 581).  *Missel* recognized that an employment contract paying a fixed salary for fluctuating hours with no overtime provisions would violate the FLSA, while a contract that specified an hourly rate and not less than time and a half for overtime would not.  *Missel*, 316 U.S. at 581.  The DOL codified this contemporaneous agreement for overtime pay in enacting 29 C.F.R. § 778.114(a).  Clearly, here, there employment agreement between Hershey and the RSRs did not include an agreement for overtime pay and thus runs afoul of *Missel*’s directives.

---

[7]     Hershey contends that the substantial number of district courts that have rejected this argument is based on “confusion.”  (Hershey Motion at 8:21, 22).  As a reading of these cases demonstrates, there is no confusion on their part but instead reasoned analysis.

[8]     Hershey cites to a DOL Field Operations Handbook in support of its position.  (Hershey Motion at 7:28-8:10).  Hershey cites no authority for its contention that a Field Operations Handbook should be given any deference whatsoever, and the DOL clearly states it is not supposed to be used in any interpretative manner. *See* http://www.dol.gov/whd/FOH (“[T]he FOH is not used as a device for establishing interpretative policy.”).  Moreover, the cited portion of the Handbook addresses how to calculate overtime premiums prospectively, in line with 29 C.F.R. § 778.114, and therefore has no bearing on retroactively overtime calculations.

10

PLAINTIFFS’ JOINT OPPOSITION TO DEFENDANT THE HERSHEY COMPANY’S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: CALCULATION OF FLSA OVERTIME DAMAGES (DOCKET NO. 303) AND PLAINTIFFS’ CROSS-MOTION FOR SUMMARY JUDGMENT RE: CALCULATION OF FLSA OVERTIME DAMAGES -
Case No.: 08-cv-01862-BZ

It is important to recognize that *Missel* was also not a misclassification case.  *See Texas EZPawn*, 633 F.Supp.2d at 399.  Rather, it involved an employer who paid a salary which it intended to compensate for *both* straight time and overtime wages.  The employer argued that it was only required to pay the overtime wage at one and one half times the statutory *minimum wage* and that it had done just that so there was no violation of the FLSA.  *Missel,* 316 U.S. at 575.  *Missel* held that agreement was invalid because it undercut the FLSA's remedial goals and provided no protections to the employee.  *Id.* at 578.

Accordingly, the Court should reject *Urnikis-Negro* and hold, consistent with *Russell*, that if the requirements of 29 C.F.R. § 778.114 are not satisfied, the employee's fixed weekly salary is meant to compensate him solely at the statutory rate of 40 hours per week.  *See* 29 U.S.C. § 207(a)(1).[9]

### 3.  The Seventh Circuit's Decision In *Urnikis-Negro* Is Fundamentally Flawed And Leads To Results Inconsistent with the Remedial Purpose of the FLSA

The Court should reject *Urnikis-Negro* for additional reasons because its rationale leads to several adverse consequences that are inconsistent with the remedial purpose of the FLSA.

First, it effectively eliminates the clarification the DOL set forth in 29 C.F.R. § 778.114 regarding when the use of the fluctuating workweek methodology is appropriate.  This encourages employers not to even follow 29 C.F.R. § 778.114 *prospectively*, because at best if they incorrectly classify an employee as

---

[9]     In a footnote Hershey cites to an opinion letter issued by the DOL on January 14, 2009.  (Hershey Motion at 14 fn. 19).  The Court should give no deference to this letter, which was issued on the eve of the change of presidential administrations, for a number of reasons.  First, it addresses only the retroactive application of 29 C.F.R. § 718.114, which is not at issue in this motion.  Second, it was the product of not formal notice and comment rulemaking and therefore is only entitled to deference "to the extent they have the power to persuade."  *Christensen v. Harris County*, 529 U.S. 576, 587 (2000).  Notably, the DOL actually issued a notice of proposed rulemaking regarding changes to 29 C.F.R. § 718.114 in July 2008, but those proposed changes were not pursued and the regulation was not changed.  *See Russell*, 672 F.Supp.2d at 1013.  Thus, this opinion letter was an attempt to avoid the notice and comment rulemaking which had previously failed.  Finally, the letter is not persuasive because it fails to analyze the remedial nature of the FLSA and how retroactive application of the fluctuating workweek methodology is inconsistent with those goals.  *Id.* at 1016.

exempt, they will not be required to demonstrate the prerequisites of 29 C.F.R. § 778.114 including a clear mutual understanding that a fixed salary will be paid for fluctuating hours apart from overtime premiums and the contemporaneous payment of overtime premiums.  This encourages the misclassification of employees as exempt from overtime.  *See Hunter*, 453 F.Supp.2d at 62, n. 19 (under retroactive application of fluctuating workweek to calculate overtime compensation due "employers would have a substantial incentive to err on the side of classifying employees as FLSA-exempt whenever the functions performed are at the margins of an exemption-rather than to specifically negotiate an overtime compensation arrangement with the employee at the outset-because the financial risk associated with misclassification would be relatively small if retroactive calculation were routinely available"); *Texas EZPawn*, 633 F.Supp.2d at 405 ("Under EZPawn's argument, an employer could claim exempt status for an employee, withhold overtime, then after being held liable for failing to pay overtime, escape the time and one-half requirement of the FLSA. . . . Certainly nothing about allowing this would eliminate 'labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'") (quoting 29 U.S.C. § 202).

Second, it discourages employers from overworking employees and hiring new ones.  This is because the effect is that the more hours an employee works, the lower their regular rate of pay, resulting in the lower effective overtime rate.  The more hours that are demanded out of an employee equates to less and less overtime the employee receives.  Thus, it is less expensive for an employer to work an employee long hours because after 60 hours, the employee's hourly rate of pay is ***actually less*** than the regular hourly rate of another employee working forty hours per week.  *Russell*, 672 F.Supp.2d at 1012.  Contrary to the purpose and intent of the FLSA, calculating overtime due in this manner serves as an disincentive for an employer to limit overtime and hire new employees.

Third, it thwarts the remedial purpose of the FLSA by having the employee receiving substantially less overtime compensation than he or she would have been entitled to at time and a half. *See Russell*, 672 F.Supp.2d at 1012 ("the difference between the [fluctuating workweek] method and the traditional time-and-a-half method can result in an employee being paid seventy-one percent less for overtime over a given year"). As recognized by *Russell*,

> If Defendants' position were adopted, an employer, after being held liable for FLSA violations, would be able unilaterally to choose to pay employees their unpaid overtime premium under the more employer-friendly of the two calculation methods. Given the remedial purpose of the FLSA, it would be incongruous to allow employees, who have been illegally deprived of overtime pay, to be shortchanged further by an employer who opts for the discount accommodation intended for a different situation.

*Id.* at 1014.

For these additional reasons, this Court should reject *Urnikis-Negro*.

### 4. Even If The Court Agrees With *Urnikis-Negro,* Hershey Cannot Establish The Factual Predicates Exist As to the RSRs

Even if the Court follows *Urnikis-Negro's* interpretation of *Missel* and rejects Judge Wilken's decision in *Russell*, the .5 hourly rate multiplier still cannot be used to calculate overtime because the factual predicates are absent. (*Compare* Hershey Motion at 13:6-15:17). *Urnikis-Negro* held that "it might be appropriate to presume that a misclassified employee's fixed salary was meant to compensate him solely for 40 hours" but that "the presumption cannot be irrebuttable." 616 F.3d at 680. Thus, even under *Urnikis-Negro,* Hershey bears the burden of overcoming the presumption that the salary was only meant to compensate for 40 hours. Hershey cannot overcome this presumption here because a genuine dispute exists regarding "whether the parties intended that the employee's salary would compensate her for all hours worked." (Hershey Motion at 13:6-8).

It is important to recognize that *Urnikis-Negro* was decided following a bench trial after factual findings were made and not on summary judgment. The Seventh Circuit recognized that the evidence "was

---

13

mixed as to the number of hours Urnikis-Negro's fixed weekly salary was meant to compensate," and that the trial court's factual finding that her weekly salary "was meant to compensate her for however many hours she worked" was not "clearly erroneous." *Id.* at 680-681. Here, by contrast, genuine issues of material fact exist on this issue precluding summary judgment.

First, and most importantly, as set forth in Section II.B. above, Hershey's own compensation policies and procedures – including payroll statements, Hershey's own salaried employee handbook, and testimony from Hershey's corporate designee on the subject - demonstrates that the weekly salary is only to compensate for 38.75 hours. (Sep. Stmt. ¶¶ 1-5). Thus, it is a reasonable inference that the RSRs would rely on this Hershey-created compensation documentation to conclude that their salary is compensation for 38.75 hours per week.

Second, Thomas Smuda's testimony further demonstrates the (erroneous) belief that the RSR position was only 8 hours per day. Mr. Smuda is in charge of Hershey's United States sales division. According to him, the RSRs are told the position is an eight-hour day job:

> Q   When retail sales reps are recruited, are they told how many hours they would be expected to work?
> A   I believe that they are given a range of hours.
> Q   What's the range?
> A   A range of an eight-hour day.

(Sep. Stmt. ¶ 7, Deposition of Rule 30(b)(6) designee Thomas Smuda 113:15-21, Ex. F). Mr. Smuda's position is consistent with testimony from Hershey's own RSR Declarant Colleen Dow, who testified that before she started working at Hershey no one told her that she would be working regularly over 40 hours per week. (Sep. Stmt. ¶ 8, Deposition of RSR Declarant Colleen Dow 96:18-24, Ex. G). Again, consistent with Hershey's own compensation documents, a reasonable juror could conclude that the salary was only intended to compensate for a 40 hour per week job.

14

Finally, and contrary's to Hershey's argument (Hershey Motion at 14 fn. 20), Hershey's compensation policies state that the employee will not receive compensation if they miss work for a variety of reasons.  (Sep. Stmt. ¶ 8, Attendance and Paid Time Off, H00000036-H00000042 (noting a number of instances where time off will not be paid, including if absent for more than 1 day for a death in the family (H00000038-H00000039) and court appearances other than jury duty or subpoenaed to court (H00000039), Ex. D).  This evidence defeats any finding regarding an undisputed intent of the parties.  *Compare Hunter*, 453 F.Supp.2d at 60 ("The unavoidable implication of this policy is that an employee who had exhausted his leave bank (or not accrued sufficient leave time) would have been docked by Sprint for such missed time.").

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court deny Hershey's motion and grant this Motion and hold that the Plaintiffs' regular rate of pay is their weekly salary divided by 38.75 hours per week, and that they are entitled to 1.5 multiplied by this rate of pay for all hours worked in excess of 40 per week should they be found to be misclassified as exempt employees.

Dated:    January 12, 2011                    THE BRANDI LAW FIRM


                                              By:  /s/ Brian J. Malloy_____
                                                   THOMAS J. BRANDI
                                                   BRIAN J. MALLOY


                                              HOBAN & FEOLA, LLC


                                              By:  /s/ David C. Feola_____
                                                   DAVID C. FEOLA
                                                   *Attorneys for Plaintiffs*

---

15