# EXHIBIT A

1    FRAMROZE M. VIRJEE (S.B. #120407)
     fvirjee@omm.com
2    MICHAEL GARRISON (S.B. #212647)
     mgarrison@omm.com
3    O'MELVENY & MYERS LLP
     400 South Hope Street
4    Los Angeles, CA 90071
     Telephone:   (213) 430-6000
5    Facsimile:    (213) 430-6047

6    CHRIS A. HOLLINGER (S.B. #147637)
     chollinger@omm.com
7    ADAM P. KOHSWEENEY (S.B. #229983)
     akohsweeney@omm.com
8    O'MELVENY & MYERS LLP
     Two Embarcadero Center, 28th Floor
9    San Francisco, CA 94111-3305
     Telephone:   (415) 984-8700
10   Facsimile:    (415) 984-8701
     Attorneys for Defendant
11   THE HERSHEY COMPANY

12             **UNITED STATES DISTRICT COURT**

13            **NORTHERN DISTRICT OF CALIFORNIA**

14               **SAN FRANCISCO DIVISION**

15

16   JULIE CAMPANELLI, SABRINA         Case No. C 08-1862 BZ
     ANDERSON, NANCY SMITH, TARYN
17   SEDGELEY GOLIN, KEVIN
     SHANAHAN, FRANCIS MCKEEVER,     **DEFENDANT THE HERSHEY**
18   BRYAN MILLER, JAMES               **COMPANY'S ANSWER TO**
     AMICARELLA, JOSEPHINE GODFREY,   **PLAINTIFFS' THIRD AMENDED**
19   JOHN MICHALSKI, KAREN METZGER,   **COMPLAINT**
     ROBERT MUSOLF, SCOTT WOOD,
20   JUAN CARLOS LOPEZ, CHRIS
     NIELSEN, ANNE COMPTON, PHYLLIS
21   DAVIS, ANDREW LEVISON,
     CHARLOTTE BRYN ALLEN, DANIEL
22   HALLARAN, RON ROBERTS, KIM
     TRACY and RYAN PARSONS, on their
23   own behalf and on behalf of all others
     similarly situated,
24
                Plaintiffs,
25
      v.
26
     THE HERSHEY COMPANY,
27
                Defendant.
28

1    Defendant The Hershey Company ("Hershey"), by and through its

2 Attorneys, admits, denies, and alleges as follows:

3         1.    Hershey denies each and every allegation contained in Paragraph 1 of

4 the Third Amended Complaint.

5         2.    Hershey denies each and every allegation contained in Paragraph 2 of

6 the Third Amended Complaint except the following:  Hershey admits that Plaintiffs'

7 complaint purports to seek injunctive, declaratory and monetary relief.

8         3.    Hershey alleges that it is without sufficient information or knowledge

9 to form a belief as to the residency or "sales territories" of Plaintiff Julie Campanelli

10 ("Campanelli"), and on that basis denies each and every allegation contained in Paragraph

11 3 of the Third Amended Complaint except the following:  Hershey admits that

12 Campanelli's last known address is located in San Francisco, California.  Hershey also

13 admits that Campanelli worked for the company and that while a Retail Sales

14 Representative ("RSR"), she was assigned to the "San Francisco" and "San Francisco

15 South" sales districts.

16        4.    Hershey alleges that it is without sufficient information or knowledge

17 to form a belief as to the residency or "sales territories" of Plaintiff Sabrina Anderson

18 ("Anderson"), and on that basis denies each and every allegation contained in denies each

19 and every allegation contained in Paragraph 4 of the Third Amended Complaint except

20 the following:  Hershey admits that Anderson's last known address is located in Clovis,

21 California.  Hershey also admits that Anderson worked for the company and that while a

22 RSR, she was assigned to the "San Francisco" and "Los Angeles" sales districts.

23        5.    Hershey alleges that it is without sufficient information or knowledge

24 to form a belief as to the residency or "sales territories" of Plaintiff Nancy Smith

25 ("Smith"), and on that basis denies each and every allegation contained in Paragraph 5 of

26 the Third Amended Complaint except the following:  Hershey admits that Smith's last

27 known address is located in Huntersville, North Carolina.  Hershey also admits that Smith

28 worked for the company and that while a RSR, she was assigned to the "Memphis" and

1   "Charlotte" sales districts.

2        6.      Hershey alleges that it is without sufficient information or knowledge

3   to form a belief as to the residency or "sales territories" of Plaintiff Taryn Sedgeley Golin

4   ("Golin"), and on that basis denies each and every allegation contained in Paragraph 6 of

5   the Third Amended Complaint except the following:  Hershey admits that Golin's last

6   known address is located in Lone Tree, Colorado.  Hershey also admits that Golin worked

7   for the company and that while a RSR, she was assigned to the "Denver" sales district.

8        7.      Hershey alleges that it is without sufficient information or knowledge

9   to form a belief as to the residency or "sales territories" of Plaintiff Kevin Shanahan

10  ("Shanahan"), and on that basis denies each and every allegation contained in Paragraph 7

11  of the Third Amended Complaint except the following:  Hershey admits that Shanahan's

12  last known address while working for the company is located in Chandler, Arizona.

13  Hershey also admits that Shanahan worked for the company and that while a RSR, he was

14  assigned to the "Phoenix" sales district.

15       8.      Hershey alleges that it is without sufficient information or knowledge

16  to form a belief as to the residency or "sales territories" of Plaintiff Francis McKeever

17  ("McKeever"), and on that basis denies each and every allegation contained in Paragraph

18  8 of the Third Amended Complaint except the following:  Hershey admits that

19  McKeever's last known address is located in Ardmore, Pennsylvania.  Hershey also

20  admits that McKeever worked for the company and that while a RSR, he was assigned to

21  the "Philadelphia" and "Baltimore/DC" sales districts.

22       9.      Hershey alleges that it is without sufficient information or knowledge

23  to form a belief as to the residency or "sales territories" of Plaintiff Bryan Miller

24  ("Miller"), and on that basis denies each and every allegation contained in Paragraph 9 of

25  the Third Amended Complaint except the following:  Hershey admits that Miller's last

26  known address is located in Fort Collins, Colorado.  Hershey also admits that Miller

27  worked for the company and that while a RSR, he was assigned to the "Denver" sales

28  district.

HERSHEY'S ANSWER TO PLAINTIFFS'
THIRD AMENDED COMPLAINT
CASE NO. C 08-1862 BZ

1         10.   Hershey alleges that it is without sufficient information or knowledge

2    to form a belief as to the residency or "sales territories" of Plaintiff James Amicarella

3    ("Amicarella"), and on that basis denies each and every allegation contained in Paragraph

4    10 of the Third Amended Complaint except the following:  Hershey admits that

5    Amicarella's last known address is located in Arvada, Colorado.  Hershey also admits that

6    Amicarella worked for the company and that while a RSR, he was assigned to the

7    "Denver" sales district.

8         11.   Hershey alleges that it is without sufficient information or knowledge

9    to form a belief as to the residency or "sales territories" of Plaintiff Josephine Godfrey

10   ("Godfrey"), and on that basis denies each and every allegation contained in Paragraph 11

11   of the Third Amended Complaint except the following:  Hershey admits that Godfrey's

12   last known address is located in Mount Laurel, New Jersey.  Hershey also admits that

13   Godfrey worked for the company and that while a RSR, she was assigned to the

14   "Philadelphia South," "Philadelphia" and "Baltimore/DC" sales districts.

15        12.   Hershey alleges that it is without sufficient information or knowledge

16   to form a belief as to the residency or "sales territories" of Plaintiff John Michalski

17   ("Michalski"), and on that basis denies each and every allegation contained in Paragraph

18   12 of the Third Amended Complaint except the following:  Hershey admits that

19   Michalski's last known address is located in Santa Ana, California.  Hershey also admits

20   that Michalski worked for the company and that while a RSR, he was assigned to the

21   "Orange County" and "Phoenix" sales districts.

22        13.   Hershey alleges that it is without sufficient information or knowledge

23   to form a belief as to the residency or "sales territories" of Plaintiff Karen Metzger

24   ("Metzger"), and on that basis denies each and every allegation contained in Paragraph 13

25   of the Third Amended Complaint except the following:  Hershey admits that Metzger's

26   last known address is located in Tucson, Arizona.  Hershey also admits that Metzger

27   worked for the company and that while a RSR, she was assigned to the "Pima," "Pinal,"

28   "Graham" and "Santa Cruz" sales districts.

14.     Hershey alleges that it is without sufficient information or knowledge to form a belief as to the residency or "sales territories" of Plaintiff Robert Musolf ("Musolf"), and on that basis denies each and every allegation contained in Paragraph 14 of the Third Amended Complaint except the following:  Hershey admits that Musolf's last known address is located in Memphis, Tennessee.  Hershey also admits that Musolf worked for the company and that while a RSR, he was assigned to the "Shelby," "Madison," "Hardeman," "McNairy" and "Hardin" sales districts.

15.     Hershey alleges that it is without sufficient information or knowledge to form a belief as to the residency or "sales territories" of Plaintiff Scott Wood ("Wood"), and on that basis denies each and every allegation contained in Paragraph 15 of the Third Amended Complaint except the following:  Hershey admits that Wood's last known address is located in St. George, Utah.  Hershey also admits that Wood worked for the company and that while a RSR, he was assigned to stores in Utah, Arizona and Nevada.

16.     Hershey alleges that it is without sufficient information or knowledge to form a belief as to the residency or "sales territories" of Plaintiff Juan Carlos Lopez ("Lopez"), and on that basis denies each and every allegation contained in Paragraph 16 of the Third Amended Complaint except the following:  Hershey admits that Lopez's last known address is located in San Diego, California.  Hershey also admits that Lopez worked for the company and that while a RSR, he was assigned to the "San Diego" and "Las Vegas" sales districts.

17.     Hershey alleges that it is without sufficient information or knowledge to form a belief as to the residency or "sales territory" of Plaintiff Chris Nielsen ("Nielsen"), and on that basis denies each and every allegation contained in Paragraph 17 of the Third Amended Complaint except the following:  Hershey admits that Nielsen's last known address is located in Oak Forest, Illinois.  Hershey also admits that Nielsen worked for the company and that while a RSR, he was assigned to the "Chicago" sales district.

18.     Hershey alleges that it is without sufficient information or knowledge

1   to form a belief as to the residency or "sales territory" of Plaintiff Anne Compton

2   ("Compton"), and on that basis denies each and every allegation contained in Paragraph

3   18 of the Third Amended Complaint except the following:  Hershey admits that

4   Compton's last known address is located in Waddell, Arizona.  Hershey also admits that

5   Compton worked for the company and that while a RSR, she was assigned to the

6   "Maricopa County" and "Phoenix" sales district.

7          19.    Hershey alleges that it is without sufficient information or knowledge

8   to form a belief as to the residency or "sales territories" of Plaintiff Phyllis Davis

9   ("Davis"), and on that basis denies each and every allegation contained in Paragraph 19 of

10  the Third Amended Complaint except the following:  Hershey admits that Davis' last

11  known address is located in Southaven, Mississippi.  Hershey also admits that Davis

12  worked for the company and that while a RSR, she was assigned to the "Memphis" sales

13  district.

14         20.    Hershey alleges that it is without sufficient information or knowledge

15  to form a belief as to the residency or "sales territories" of Plaintiff Andrew Levison

16  ("Levison"), and on that basis denies each and every allegation contained in Paragraph 20

17  of the Third Amended Complaint except the following:  Hershey admits that Levison's

18  last known address is located in Flagstaff, Arizona.  Hershey also admits that Levison

19  worked for the company and that while a RSR, he was assigned to the "Phoenix" sales

20  district.

21         21.    Hershey alleges that it is without sufficient information or knowledge

22  to form a belief as to the residency or "sales territories" of Plaintiff Charlotte Bryn Allen

23  ("Allen"), and on that basis denies each and every allegation contained in Paragraph 21 of

24  the Third Amended Complaint except the following:  Hershey admits that Allen's last

25  known address is located in Parker, Colorado.  Hershey also admits that Allen worked for

26  the company and that while a RSR, she was assigned to the "Douglas," "Arapahoe,"

27  "Denver," "Elbert" and "El Paso" sales districts.

28         22.    Hershey alleges that it is without sufficient information or knowledge

HERSHEY'S ANSWER TO PLAINTIFFS'
THIRD AMENDED COMPLAINT
CASE NO. C 08-1862 BZ

1   to form a belief as to the residency or "sales territories" of Plaintiff Daniel Hallaran

2   ("Hallaran"), and on that basis denies each and every allegation contained in Paragraph 22

3   of the Third Amended Complaint except the following:  Hershey admits that Hallaran's

4   last known address is located in Gilbert, Arizona.  Hershey also admits that Hallaran

5   worked for the company and that while a RSR, he was assigned to the "Gilbert,"

6   "Tempe," "Mesa" and "Chandler" sales districts.

7          23.    Hershey alleges that it is without sufficient information or knowledge

8   to form a belief as to the residency or "sales territories" of Plaintiff Ron Roberts

9   ("Roberts"), and on that basis denies each and every allegation contained in Paragraph 23

10  of the Third Amended Complaint except the following:  Hershey admits that Roberts' last

11  known address is located in Lyndeborough, New Hampshire.  Hershey also admits that

12  Roberts worked for the company and that while a RSR, he was assigned to the "Sothern

13  New Hampshire" and "Northern Massachusetts" sales districts.

14         24.    Hershey alleges that it is without sufficient information or knowledge

15  to form a belief as to the residency or "sales territories" of Plaintiff Kim Tracy ("Tracy"),

16  and on that basis denies each and every allegation contained in Paragraph 24 of the Third

17  Amended Complaint except the following:  Hershey admits that Tracy's last known

18  address is located in Denver, Colorado.  Hershey also admits that Tracy worked for the

19  company and that while a RSR, she was assigned to the "Aurora" and "Denver" sales

20  districts.

21         25.    Hershey alleges that it is without sufficient information or knowledge

22  to form a belief as to the residency or "sales territories" of Plaintiff Ryan Parsons

23  ("Parsons"), and on that basis denies each and every allegation contained in Paragraph 25

24  of the Third Amended Complaint except the following:  Hershey admits that Parsons' last

25  known address is located in The Woodlands, Texas.  Hershey also admits that Parsons

26  worked for the company and that while a RSR, he was assigned to the "Montgomery,"

27  "Harris," "Liberty," "Walker," "Brazos" and "Galveston" sales districts.

28         26.    Hershey admits the allegations contained in Paragraph 26 of the Third

HERSHEY'S ANSWER TO PLAINTIFFS'
THIRD AMENDED COMPLAINT
CASE NO. C 08-1862 BZ

1    Amended Complaint.

2              27.   Hershey admits the allegations contained in Paragraph 27 of the Third

3    Amended Complaint.

4              28.   Hershey denies each and every allegation contained in Paragraph 28

5    of the Third Amended Complaint.

6              29.   The allegations contained in Paragraph 29 of the Third Amended

7    Complaint state legal conclusions, to which no responsive pleading is required, but to the

8    extent a responsive pleading is necessary, Hershey denies each and every allegation in

9    paragraph 29 of the Third Amended Complaint.

10             30.   The allegations contained in Paragraph 30 of the Third Amended

11   Complaint state legal conclusions, to which no responsive pleading is required, but to the

12   extent a responsive pleading is necessary, Hershey denies each and every allegation in

13   paragraph 30 of the Third Amended Complaint.

14             31.   Hershey denies the allegation contained in Paragraph 31 of the Third

15   Amended Complaint that venue is proper in this Court; an allegation that states a legal

16   conclusion to which no responsive pleading is required, but to the extent a responsive

17   pleading is necessary, Hershey denies this allegation.  Hershey alleges that it is without

18   sufficient information or knowledge to form a belief as to the residency of the "California

19   Plaintiffs" for "all relevant times" and whether all Plaintiffs have chosen the forum of the

20   United States District Court, Northern District of California, and on that basis denies these

21   allegations.

22             32.   Hershey denies each and every allegation of Paragraph 32 of the

23   Third Amended Complaint except for the following:  The allegation that this action is

24   appropriately assigned in the Oakland Division states a legal conclusion, to which no

25   responsive pleading is required, but to the extent a responsive pleading is necessary,

26   Hershey denies this allegation.  Hershey also alleges that it is without sufficient

27   information or knowledge to form a belief as to the residency of Campanelli for "all

28   relevant times," and on that basis denies this allegation.  Hershey admits that Hershey was

HERSHEY'S ANSWER TO PLAINTIFFS'
THIRD AMENDED COMPLAINT
CASE NO. C 08-1862 BZ

1   and is authorized to do, and regularly does business, in the State of California, including

2   the City of Oakland.

3          33.    California and federal overtime laws are public record and no

4   responsive pleading is required.  To the extent a responsive pleading is necessary,

5   Hershey denies each and every allegation in paragraph 33 of the Third Amended

6   Complaint.

7          34.    Hershey admits the allegations contained in Paragraph 34 of the Third

8   Amended Complaint.

9          35.    Hershey denies each and every allegation contained in Paragraph 35

10  of the Third Amended Complaint except the following:  Hershey admits that in 2003, it

11  reorganized portions of the company, which included changes to portions of its domestic

12  sales force.

13         36.    Hershey denies each and every allegation contained in Paragraph 36

14  of the Third Amended Complaint.

15         37.    Hershey denies each and every allegation contained in Paragraph 37

16  of the Third Amended Complaint except the following:  Hershey admits that starting in

17  2003, it began to provide a hand-held PDA device, known as a "REX," to certain

18  individual members of its sales force.

19         38.    Hershey denies each and every allegation contained in Paragraph 38

20  of the Third Amended Complaint.

21         39.    Hershey denies each and every allegation contained in Paragraph 39

22  of the Third Amended Complaint.

23         40.    Hershey denies each and every allegation contained in Paragraph 40

24  of the Third Amended Complaint.

25         41.    Hershey denies each and every allegation contained in Paragraph 41

26  of the Third Amended Complaint except the following:  Hershey admits that both its

27  RSRs and other sales employees work with customers concerning sales plans.

28         42.    Hershey denies each and every allegation contained in Paragraph 42

HERSHEY'S ANSWER TO PLAINTIFFS'
THIRD AMENDED COMPLAINT
CASE NO. C 08-1862 BZ

1   of the Third Amended Complaint.

2          43.     Hershey alleges that it is without sufficient information or knowledge

3   to form a belief regarding each and every allegation contained in Paragraph 43 of the

4   Third Amended Complaint, and on that basis denies each and every allegation in that

5   paragraph.

6          44.     Hershey denies each and every allegation contained in Paragraph 44

7   of the Third Amended Complaint.

8          45.     Hershey denies each and every allegation contained in Paragraph 45

9   of the Third Amended Complaint except the following:  Hershey admits that it expected

10   each RSR to synchronize his or her REX device daily, to review data and other

11   information for purposes of preparing for future sales calls to help maximize sales during

12   those calls, and to perform other related tasks.

13          46.     Hershey denies each and every allegation contained in Paragraph 46

14   of the Third Amended Complaint.

15          47.     Hershey denies each and every allegation contained in Paragraph 47

16   of the Third Amended Complaint.

17          48.     Hershey denies each and every allegation contained in Paragraph 48

18   of the Third Amended Complaint.

19          49.     Hershey denies each and every allegation contained in Paragraph 49

20   of the Third Amended Complaint except the following:  Hershey admits that it classified

21   RSRs as exempt employees from 2003 to the present.

22          50.     Hershey denies each and every allegation contained in Paragraph 50

23   of the Third Amended Complaint except the following:  Hershey admits that it did not pay

24   RSRs overtime compensation for hours worked in excess of 40 hours per week since they

25   were properly classified as exempt employees.

26          51.     Hershey denies each and every allegation contained in Paragraph 51

27   of the Third Amended Complaint except the following:  Hershey admits that it did not pay

28   RSRs overtime compensation for "travel time" since they were properly classified as

HERSHEY'S ANSWER TO PLAINTIFFS'
THIRD AMENDED COMPLAINT
CASE NO. C 08-1862 BZ

1    exempt employees.

2            52.     Hershey denies each and every allegation contained in Paragraph 52

3    of the Third Amended Complaint except the following:  Hershey admits that it did not pay

4    RSRs overtime compensation for performing administrative tasks since they were

5    properly classified as exempt employees.

6            53.     Hershey denies each and every allegation contained in Paragraph 53

7    of the Third Amended Complaint.

8            54.     Hershey denies each and every allegation contained in Paragraph 54

9    of the Third Amended Complaint.

10            55.     Hershey denies each and every allegation contained in Paragraph 55

11    of the Third Amended Complaint, except for the following:  Hershey admits the

12    allegations that Richard H. Lenny was the former President and CEO of Hershey and that

13    David West is currently the President and CEO of Hershey.  Hershey also admits the

14    allegation that both Mr. Lenny and Mr. West were employed at Nabisco companies.

15            56.     Hershey alleges that it is without sufficient information or knowledge

16    to form a belief as to each and every allegation contained in Paragraph 56 of the Third

17    Amended Complaint, and denies each and every allegation in this paragraph on that basis.

18            57.     Hershey alleges that it is without sufficient information or knowledge

19    to form a belief as to each and every allegation contained in Paragraph 57 of the Third

20    Amended Complaint, and denies each and every allegation in this paragraph on that basis.

21            58.     Hershey alleges that it is without sufficient information or knowledge

22    to form a belief as to each and every allegation contained in Paragraph 58 of the Third

23    Amended Complaint, and denies each and every allegation in this paragraph on that basis.

24            59.     Hershey denies each and every allegation contained in the second

25    Paragraph 59 of the Third Amended Complaint.

26            60.     Hershey denies each and every allegation contained in Paragraph 60

27    of the Third Amended Complaint except the following:  Hershey admits that since 2003, it

28    did not reclassify the RSR position from exempt to non-exempt or, as a result, pay RSRs

1   overtime.

2         61.    Hershey denies each and every allegation contained in Paragraph 61

3   of the Third Amended Complaint.

4         62.    Hershey denies each and every allegation contained in Paragraph 62

5   of the Third Amended Complaint.

6         63.    Hershey denies each and every allegation contained in Paragraph 63

7   of the Third Amended Complaint.

8         64.    Hershey denies each and every allegation contained in Paragraph 64

9   of the Third Amended Complaint except the following:  Hershey alleges that it is without

10   sufficient information or knowledge to form a belief concerning the details of each and

11   every discussion held between RSRs and other employees in their chain of command, and

12   on that basis denies these allegations in that paragraph.

13         65.    Hershey denies each and every allegation contained in Paragraph 65

14   of the Third Amended Complaint.

15         66.    Hershey denies each and every allegation contained in Paragraph 66

16   of the Third Amended Complaint except the following:  Hershey admits that it informed

17   its RSRs that they were exempt employees and not entitled to overtime.

18         67.    Hershey denies each and every allegation contained in Paragraph 67

19   of the Third Amended Complaint.

20         68.    Hershey denies each and every allegation contained in Paragraph 68

21   of the Third Amended Complaint except the following:  Hershey admits that Campanelli

22   was employed by Hershey from March 2002 through March 2006 as a RSR.  Hershey

23   admits that while a RSR, Campanelli was assigned to the "San Francisco" and "San

24   Francisco South" sales districts.

25         69.    Hershey denies each and every allegation contained in Paragraph 69

26   of the Third Amended Complaint except for the following:  Hershey alleges that it is

27   without sufficient information or knowledge to form a belief as to whether Campanelli

28   resigned out of frustration with Hershey's alleged changes to her position and

HERSHEY'S ANSWER TO PLAINTIFFS'
THIRD AMENDED COMPLAINT
CASE NO. C 08-1862 BZ

1 responsibilities and whether she worked for more than forty hours per week, and on that

2 basis Hershey denies these allegations. Hershey admits that Campanelli resigned her

3 position at Hershey and that she was not paid overtime because she was an exempt

4 employee.

5         70.      Hershey denies each and every allegation contained in Paragraph 70

6 of the Third Amended Complaint except the following: Hershey admits that Anderson

7 was employed by Hershey from 2004 through May 2007 as a RSR. Hershey admits that

8 while a RSR, Anderson was assigned to the "San Francisco" and "Los Angeles" sales

9 districts.

10         71.      Hershey denies each and every allegation contained in Paragraph 71

11 of the Third Amended Complaint except the following:  Hershey alleges that it is without

12 sufficient information or knowledge to form a belief as to whether Anderson resigned out

13 of frustration with Hershey's alleged changes to her position and responsibilities and

14 whether she worked for more than forty hours per week, and on that basis Hershey denies

15 these allegations. Hershey admits that Anderson resigned her position at Hershey and that

16 she was not paid overtime because she was an exempt employee.

17         72.      Hershey admits the allegations contained in Paragraph 72 of the Third

18 Amended Complaint.

19         73.      Hershey denies each and every allegation contained in Paragraph 73

20 of the Third Amended Complaint except the following:  Hershey admits the allegation

21 contained in Paragraph 73 of the Third Amended Complaint that Hershey did not pay

22 Smith overtime compensation.

23         74.      Hershey denies each and every allegation contained in Paragraph 74

24 of the Third Amended Complaint except the following:  Hershey admits that Golin was

25 employed by Hershey from July 2007 through September 2007 as a RSR. Hershey admits

26 that while a RSR, Golin was assigned to the "Denver" sales district.

27         75.      Hershey denies each and every allegation contained in Paragraph 75

28 of the Third Amended Complaint except the following:  Hershey alleges that it is without

HERSHEY'S ANSWER TO PLAINTIFFS'
THIRD AMENDED COMPLAINT
CASE NO. C 08-1862 BZ

1  sufficient information or knowledge to form a belief as to whether Golin resigned out of

2  frustration with Hershey's alleged changes to her position and responsibilities and

3  whether she worked for more than forty hours per week, and on that basis Hershey denies

4  these allegations.  Hershey admits that Golin resigned her position at Hershey and that she

5  was not paid overtime because she was an exempt employee

6      76.    Hershey denies each and every allegation contained in Paragraph 76

7  of the Third Amended Complaint except the following:  Hershey admits that Shanahan

8  was employed by Hershey from March 2004 through June 2009 as a RSR.  Hershey

9  admits that while a RSR, Shanahan was assigned to the "Phoenix" sales district.

10      77.    Hershey denies each and every allegation contained in Paragraph 77

11  of the Third Amended Complaint except the following:  Hershey alleges that it is without

12  sufficient information or knowledge to form a belief as to whether Shanahan worked for

13  more than forty hours per week, and on that basis Hershey denies these allegations; and

14  Hershey admits that Shanahan was not paid overtime because he was an exempt

15  employee.

16      78.    Hershey denies each and every allegation contained in Paragraph 78

17  of the Third Amended Complaint except the following:  Hershey admits that McKeever

18  was employed by Hershey from February through September 2007 as a RSR.   Hershey

19  admits that while a RSR, McKeever was assigned to the "Philadelphia" and

20  "Baltimore/DC" sales districts.

21      79.    Hershey denies each and every allegation contained in Paragraph 79

22  of the Third Amended Complaint except the following:  Hershey alleges that it is without

23  sufficient information or knowledge to form a belief as to whether McKeever resigned out

24  of frustration with Hershey's alleged changes to his position and responsibilities and

25  whether he worked for more than forty hours per week, and on that basis Hershey denies

26  these allegations; and Hershey admits that McKeever resigned his position at Hershey and

27  that he was not paid overtime because he was an exempt employee.

28      80.    Hershey denies each and every allegation contained in Paragraph 80

1    of the Third Amended Complaint except the following: Hershey admits that Miller was

2    employed by Hershey from August 2007 through January 2008 as a RSR.  Hershey admits

3    that while a RSR, Miller was assigned to the "Denver" sales district.

4            81.    Hershey denies each and every allegation contained in Paragraph 81

5    of the Third Amended Complaint except the following:  Hershey alleges that it is without

6    sufficient information or knowledge to form a belief as to whether Miller worked for more

7    than forty hours per week, and on that basis Hershey denies these allegations; and

8    Hershey admits that Miller resigned his position at Hershey and that he was not paid

9    overtime because he was an exempt employee.

10           82.    Hershey denies each and every allegation contained in Paragraph 82

11   of the Third Amended Complaint except the following:  Hershey admits that Amicarella

12   was employed by Hershey from September 2005 through January 2008 as a RSR.

13   Hershey admits that while a RSR, Amicarella was assigned to the "Denver" sales district.

14           83.    Hershey denies each and every allegation contained in Paragraph 83

15   of the Third Amended Complaint except the following:  Hershey alleges that it is without

16   sufficient information or knowledge to form a belief as to whether Amicarella resigned

17   out of frustration with Hershey's alleged changes to his position and responsibilities and

18   whether he worked for more than forty hours per week, and on that basis Hershey denies

19   these allegations; and Hershey admits that Amicarella resigned his position at Hershey

20   and that he was not paid overtime because he was an exempt employee.

21           84.    Hershey denies each and every allegation contained in Paragraph 84

22   of the Third Amended Complaint except the following:  Hershey admits that Godfrey was

23   employed by Hershey from May 2001 through September 2007 as a RSR.  Hershey

24   admits that while a RSR, Godfrey was assigned to the "Philadelphia South,"

25   "Philadelphia" and "Baltimore/DC" sales districts.

26           85.    Hershey denies each and every allegation contained in Paragraph 85

27   of the Third Amended Complaint except the following:  Hershey alleges that it is without

28   sufficient information or knowledge to form a belief as to whether Godfrey worked for

HERSHEY'S ANSWER TO PLAINTIFFS'
THIRD AMENDED COMPLAINT
CASE NO. C 08-1862 BZ

1   more than forty hours per week, and on that basis Hershey denies these allegations; and

2   Hershey admits that it did not pay Godfrey overtime because she was an exempt

3   employee.

4          86.    Hershey denies each and every allegation contained in Paragraph 86

5   of the Third Amended Complaint except the following:  Hershey admits that Michalski

6   was employed from May 2004 through March 2008 as a RSR.  Hershey admits that while

7   a RSR, Michalski was assigned to the "Orange County" and "Phoenix" sales districts.

8          87.    Hershey denies each and every allegation contained in Paragraph 87

9   of the Third Amended Complaint except the following:  Hershey alleges that it is without

10   sufficient information or knowledge to form a belief as to whether Michalski worked for

11   more than forty hours per week, and on that basis Hershey denies these allegations; and

12   Hershey admits that it did not pay Michalski overtime because he was an exempt

13   employee.

14          88.    Hershey denies each and every allegation contained in Paragraph 88

15   of the Third Amended Complaint except the following:  Hershey admits that Metzger was

16   employed from August 2001 through June 2008 as a RSR.  Hershey admits that while a

17   RSR, Metzger was assigned to the "Pima," "Pinal," "Graham" and "Santa Cruz" sales

18   districts.

19          89.    Hershey denies each and every allegation contained in Paragraph 89

20   of the Third Amended Complaint except the following:  Hershey alleges that it is without

21   sufficient information or knowledge to form a belief as to whether Metzger worked for

22   more than forty hours per week, and on that basis Hershey denies these allegations; and

23   Hershey admits that it did not pay Metzger overtime because she was an exempt

24   employee.

25          90.    Hershey denies each and every allegation contained in Paragraph 90

26   of the Third Amended Complaint except the following:  Hershey admits that Musolf was

27   employed from September 2003 through July 2006 as a RSR.  Hershey admits that while a

28   RSR, Musolf was assigned to the "Shelby," "Madison," "Hardeman," "McNairy" and

1   "Hardin" sales districts.

2         91.    Hershey denies each and every allegation contained in Paragraph 91

3   of the Third Amended Complaint except the following: Hershey alleges that it is without

4   sufficient information or knowledge to form a belief as to whether Musolf worked for

5   more than forty hours per week, and on that basis Hershey denies these allegations; and

6   Hershey admits that it did not pay Musolf overtime because he was an exempt employee.

7         92.    Hershey denies each and every allegation contained in Paragraph 92

8   of the Third Amended Complaint except the following: Hershey admits that Wood was

9   employed from April 2003 through July 2008 as a RSR. Hershey admits that while a

10   RSR, Wood was assigned to stores in Utah, Arizona and Nevada

11         93.    Hershey denies each and every allegation contained in Paragraph 93

12   of the Third Amended Complaint except the following: Hershey alleges that it is without

13   sufficient information or knowledge to form a belief as to whether Wood worked for more

14   than forty hours per week, and on that basis Hershey denies these allegations; and

15   Hershey admits that it did not pay Wood overtime because he was an exempt employee.

16         94.    Hershey denies each and every allegation contained in Paragraph 94

17   of the Third Amended Complaint except the following: Hershey admits that Lopez was

18   employed from December 2003 through June 2006 as a RSR. Hershey admits that while a

19   RSR, Lopez was assigned to the "San Diego" and "Las Vegas" sales districts.

20         95.    Hershey denies each and every allegation contained in Paragraph 95

21   of the Third Amended Complaint except the following: Hershey alleges that it is without

22   sufficient information or knowledge to form a belief as to whether Lopez worked for more

23   than forty hours per week, and on that basis Hershey denies these allegations; and

24   Hershey admits that it did not pay Lopez overtime because he was an exempt employee.

25         96.    Hershey denies each and every allegation contained in Paragraph 96

26   of the Third Amended Complaint except the following: Hershey admits that Nielsen was

27   employed from June 2001 through March 2008 as a RSR. Hershey admits that while a

28   RSR, Nielsen was assigned to the "Chicago" sales district.

1    97.   Hershey denies each and every allegation contained in Paragraph 97

2  of the Third Amended Complaint except the following:  Hershey alleges that it is without

3  sufficient information or knowledge to form a belief as to whether Nielsen worked for

4  more than forty hours per week, and on that basis Hershey denies these allegations; and

5  Hershey admits that it did not pay Nielsen overtime because he was an exempt employee.

6    98.   Hershey denies each and every allegation contained in Paragraph 98

7  of the Third Amended Complaint except the following:  Hershey admits that Compton

8  was employed from August 2002 through September 2007 as a RSR.  Hershey admits that

9  while a RSR, Compton was assigned to the "Maricopa County" and "Phoenix" sales

10  districts.

11    99.   Hershey denies each and every allegation contained in Paragraph 99

12  of the Third Amended Complaint except the following:  Hershey alleges that it is without

13  sufficient information or knowledge to form a belief as to whether Compton worked for

14  more than forty hours per week, and on that basis Hershey denies these allegations; and

15  Hershey admits that it did not pay Compton overtime because she was an exempt

16  employee.

17    100.   Hershey denies each and every allegation contained in Paragraph 100

18  of the Third Amended Complaint except the following:  Hershey admits that Davis was

19  employed from October 2003 through May 2005 as a RSR.  Hershey admits that while a

20  RSR, Davis was assigned to the "Memphis" sales district.

21    101.   Hershey denies each and every allegation contained in Paragraph 101

22  of the Third Amended Complaint except the following:  Hershey alleges that it is without

23  sufficient information or knowledge to form a belief as to whether Davis worked for more

24  than forty hours per week, and on that basis Hershey denies these allegations; and

25  Hershey admits that it did not pay Davis overtime because she was an exempt employee.

26    102.   Hershey denies each and every allegation contained in Paragraph 102

27  of the Third Amended Complaint except the following:  Hershey admits that Levison was

28  employed from June 2008 through October 2008 as a RSR.  Hershey admits that while a

HERSHEY'S ANSWER TO PLAINTIFFS'
THIRD AMENDED COMPLAINT
CASE NO. C 08-1862 BZ

Case3:08-cv-01862-BZ   Document85   Filed02/05/10   Page19 of 33

1    RSR, Levison was assigned to the "Phoenix" sales district.

2        103.   Hershey denies each and every allegation contained in Paragraph 103

3    of the Third Amended Complaint except the following:  Hershey alleges that it is without

4    sufficient information or knowledge to form a belief as to whether Levison worked for

5    more than forty hours per week, and on that basis Hershey denies these allegations; and

6    Hershey admits that it did not pay Levison overtime because he was an exempt employee.

7        104.   Hershey denies each and every allegation contained in Paragraph 104

8    of the Third Amended Complaint except the following:  Hershey admits that Allen was

9    employed from October 2007 through August 2008 as a RSR.  Hershey admits that while

10   a RSR, Allen was assigned to the "Douglas," "Arapahoe," "Denver," "Elbert" and "El

11   Paso" sales districts.

12       105.   Hershey denies each and every allegation contained in Paragraph 105

13   of the Third Amended Complaint except the following:  Hershey alleges that it is without

14   sufficient information or knowledge to form a belief as to whether Allen worked for more

15   than forty hours per week, and on that basis Hershey denies these allegations; and

16   Hershey admits that it did not pay Allen overtime because she was an exempt employee.

17       106.   Hershey denies each and every allegation contained in Paragraph 106

18   of the Third Amended Complaint except the following:  Hershey admits that Hallaran was

19   employed from January 2000 through April 2007 as a RSR.  Hershey admits that while a

20   RSR, Hallaran was assigned to the "Gilbert," "Tempe," "Mesa" and "Chandler" sales

21   districts.

22       107.   Hershey denies each and every allegation contained in Paragraph 107

23   of the Third Amended Complaint except the following:  Hershey alleges that it is without

24   sufficient information or knowledge to form a belief as to whether Hallaran worked for

25   more than forty hours per week, and on that basis Hershey denies these allegations; and

26   Hershey admits that it did not pay Hallaran overtime because he was an exempt employee.

27       108.   Hershey denies each and every allegation contained in Paragraph 108

28   of the Third Amended Complaint except the following:  Hershey admits that Roberts was

Case3:08-cv-01862-BZ   Document85   Filed02/05/10   Page20 of 33

1   employed from March 2001 through November 2007 as a RSR.  Hershey admits that

2   while a RSR, Roberts was assigned to the "Sothern New Hampshire" and "Northern

3   Massachusetts" sales districts.

4        109.    Hershey denies each and every allegation contained in Paragraph 109

5   of the Third Amended Complaint except the following:  Hershey alleges that it is without

6   sufficient information or knowledge to form a belief as to whether Roberts worked for

7   more than forty hours per week, and on that basis Hershey denies these allegations; and

8   Hershey admits that it did not pay Roberts overtime because he was an exempt employee.

9        110.    Hershey denies each and every allegation contained in Paragraph 110

10   of the Third Amended Complaint except the following:  Hershey admits that Tracy was

11   employed from January 2006 through March 2007 as a RSR.  Hershey admits that while a

12   RSR, Tracy was assigned to the "Aurora" and "Denver" sales districts.

13        111.    Hershey denies each and every allegation contained in Paragraph 111

14   of the Third Amended Complaint except the following:  Hershey alleges that it is without

15   sufficient information or knowledge to form a belief as to whether Tracy worked for more

16   than forty hours per week, and on that basis Hershey denies these allegations; and

17   Hershey admits that it did not pay Tracy overtime because she was an exempt employee.

18        112.    Hershey denies each and every allegation contained in Paragraph 112

19   of the Third Amended Complaint except the following:  Hershey admits that Parsons was

20   employed from November 2003 through May 2008 as a RSR.  Hershey admits that while

21   a RSR, Parsons was assigned to the "Montgomery," "Harris," "Liberty," "Walker,"

22   "Brazos" and "Galveston" sales districts.

23        113.    Hershey denies each and every allegation contained in Paragraph 113

24   of the Third Amended Complaint except the following:  Hershey alleges that it is without

25   sufficient information or knowledge to form a belief as to whether Parsons worked for

26   more than forty hours per week, and on that basis Hershey denies these allegations; and

27   Hershey admits that it did not pay Parsons overtime because he was an exempt employee.

28        114.    Hershey admits the allegation contained in Paragraph 114 of the Third

Case3:08-cv-01862-BZ   Document85   Filed02/05/10   Page21 of 33

1    Amended Complaint that Plaintiffs purport to bring this action on their own behalf and on

2    behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b) and the Federal Rules

3    of Civil Procedure, Rule 23.  Hershey denies that any class or collective action is

4    appropriate.

5         115.   Hershey admits that the allegations contained in Paragraph 115 of the

6    Third Amended Complaint set forth Plaintiffs' proposed definitions of a "National

7    Plaintiff Class" and a "California Plaintiff Subclass."  Hershey denies that any such

8    definition is appropriate or adequate, and further denies that any class or collective action

9    is appropriate.

10        116.   Hershey denies each and every allegation contained in Paragraph 116

11   of the Third Amended Complaint.

12        117.   Hershey denies each and every allegation contained in Paragraph 117

13   of the Third Amended Complaint except the following:  Hershey admits that the number

14   of RSRs in California and the United States can be ascertained from the company's

15   business records.

16        118.   Hershey denies each and every allegation contained in Paragraph 118

17   of the Third Amended Complaint.

18        119.   Hershey denies each and every allegation contained in Paragraph 119

19   of the Third Amended Complaint.

20        120.   Hershey denies each and every allegation contained in Paragraph 120

21   of the Third Amended Complaint.

22        121.   Hershey denies each and every allegation contained in Paragraph 121

23   of the Third Amended Complaint.

24        122.   Hershey denies each and every allegation in Paragraph 122 of the

25   Third Amended Complaint except for the following:  Hershey alleges that it is without

26   sufficient information or knowledge to form a belief regarding the allegation that

27   Plaintiffs have incurred, and will continue to incur, expenses for costs and attorneys fees

28   necessary for the investigation and prosecution of this action, and it denies such allegation

1    on that basis.

2            123.   Hershey incorporates its responses to Paragraphs 1 through 122 of the

3    Third Amended Complaint.

4            124.   Hershey denies each and every allegation contained in Paragraph 124

5    of the Third Amended Complaint except the following:  Hershey admits that it has been

6    and is engaged in "commerce."

7            125.   Hershey denies each and every allegation contained in Paragraph 125

8    of the Third Amended Complaint except the following:  The provisions of 29 U.S.C. §

9    207(a)(1) are public record and no responsive pleading is required, but to the extent a

10   responsive pleading is necessary, Hershey denies each and every allegation in paragraph

11   125 of the Third Amended Complaint.

12           126.   Hershey denies each and every allegation contained in Paragraph 126

13   of the Third Amended Complaint except the following:  Hershey admits that RSRs did not

14   receive overtime compensation from Hershey.

15           127.   Hershey denies each and every allegation contained in Paragraph 127

16   of the Third Amended Complaint except the following:  The provisions of 29 U.S.C. §§

17   207(a)(1) and 215(a)(2) are public record and no responsive pleading is required, but to

18   the extent a responsive pleading is necessary, Hershey denies each and every allegation in

19   paragraph 127 of the Third Amended Complaint.

20           128.   Hershey admits that the allegations contained in Paragraph 128 of the

21   Third Amended Complaint purport to set forth Plaintiffs' proposed plan.  Hershey alleges

22   that it is without sufficient information or knowledge to form a belief regarding the

23   validity of the written consents to joinder filed with the court, and it denies the validity of

24   such consents on that basis.

25           129.   Hershey admits that the allegations contained in Paragraph 129 of the

26   Third Amended Complaint purport to set forth Plaintiffs' attempt to incorporate by

27   reference the written consent of joinder by each individual Plaintiff.  Hershey alleges that

28   it is without sufficient information or knowledge to form a belief regarding the validity of

HERSHEY'S ANSWER TO PLAINTIFFS'
THIRD AMENDED COMPLAINT
CASE NO. C 08-1862 BZ

1    the written consents to joinder filed with the court, and it denies the validity of such

2    consents on that basis.

3         130.   Hershey denies each and every allegation contained in Paragraph 130

4    of the Third Amended Complaint.

5         131.   Hershey admits that the allegations contained in Paragraph 131 of the

6    Third Amended Complaint purport to set forth that Plaintiffs seek judgment against

7    Hershey on their own behalf and on behalf of those members of the National Plaintiff

8    Class and that they seek unpaid wages, including overtime wages, liquidated damages,

9    costs, interest and attorneys' fees. Hershey denies any allegation that damages for unpaid

10   wages, including overtime wages, liquidated damages, costs, interest, and attorneys' fees

11   are warranted.

12        132.   Hershey denies each and every allegation contained in Paragraph 132

13   of the Third Amended Complaint except for the following:  Hershey admits the allegation

14   that Plaintiffs allege an actual controversy exists relating to the rights and duties of the

15   parties in this lawsuit.

16        133.   Hershey admits the allegation contained in Paragraph 133 of the Third

17   Amended Complaint purports to set forth Plaintiffs' "desire" for a declaration as to the

18   validity of Hershey's classification of Plaintiffs and the National Plaintiff Class as

19   "outside salespersons" exempt from the FLSA.  Hershey denies any allegation that a

20   declaration is necessary or warranted.

21        134.   Hershey incorporates its responses to Paragraphs 1 through 133 of the

22   Third Amended Complaint.

23        135.   Hershey denies each and every allegation contained in Paragraph 135

24   of the Third Amended Complaint except the following:  Hershey admits that the

25   California Plaintiffs were employed by and performed work for Hershey for some period

26   of time.

27        136.   Hershey denies each and every allegation contained in Paragraph 136

28   of the Third Amended Complaint.

HERSHEY'S ANSWER TO PLAINTIFFS'
THIRD AMENDED COMPLAINT
CASE NO. C 08-1862 BZ

1        137.   Hershey denies each and every allegation contained in Paragraph 137

2  of the Third Amended Complaint.

3        138.   The California Labor Code and/or Wage Orders issued by the

4  Industrial Welfare Commission ("IWC") are public record and no responsive pleading is

5  required.  To the extent a responsive pleading is necessary, Hershey denies each and every

6  allegation in paragraph 138 of the Third Amended Complaint.

7        139.   Hershey's duties under the California Labor Code and/or Wage

8  Orders issued by the IWC are public record and no responsive pleading is required.  To

9  the extent a responsive pleading is necessary, Hershey denies each and every allegation in

10  paragraph 139 of the Third Amended Complaint.

11        140.   Hershey denies each and every allegation contained in Paragraph 140

12  of the Third Amended Complaint.

13        141.   California Labor Code § 512 is public record and no responsive

14  pleading is required.  To the extent a responsive pleading is necessary, Hershey denies

15  each and every allegation in paragraph 141 of the Third Amended Complaint.

16        142.   Hershey's duties under California Labor Code § 512 are public record

17  and no responsive pleading is required.  To the extent a responsive pleading is necessary,

18  Hershey denies each and every allegation in paragraph 142 of the Third Amended

19  Complaint.

20        143.   California Labor Code § 226.7 is public record and no responsive

21  pleading is required.  To the extent a responsive pleading is necessary, Hershey denies

22  each and every allegation in paragraph 143 of the Third Amended Complaint.

23        144.   Hershey's duties under California Labor Code § 226.7 are public

24  record and no responsive pleading is required.  To the extent a responsive pleading is

25  necessary, Hershey denies each and every allegation in paragraph 144 of the Third

26  Amended Complaint.

27        145.   The requirements of IWC Wage Order No. 7-2001 are public record

28  and no responsive pleading is required.  To the extent a responsive pleading is necessary,

1   Hershey denies each and every allegation in paragraph 145 of the Third Amended

2   Complaint.

3           146.   IWC Wage Order No. 7-2001(11) is public record and no responsive

4   pleading is required.  To the extent a responsive pleading is necessary, Hershey denies

5   each and every allegation in paragraph 146 of the Third Amended Complaint.

6           147.   IWC Wage Order No. 7-2001(12) is public record and no responsive

7   pleading is required.  To the extent a responsive pleading is necessary, Hershey denies

8   each and every allegation in paragraph 147 of the Third Amended Complaint.

9           148.   Hershey's duties under IWC Wage Order No. 7-2001 are public

10   record and no responsive pleading is required.  To the extent a responsive pleading is

11   necessary, Hershey denies each and every allegation in paragraph 148 of the Third

12   Amended Complaint.

13           149.   Hershey denies each and every allegation contained in Paragraph 149

14   of the Third Amended Complaint.

15           150.   California Labor Code § 226 is public record and no responsive

16   pleading is required.  To the extent a responsive pleading is necessary, Hershey denies

17   each and every allegation in paragraph 150 of the Third Amended Complaint.

18           151.   California Labor Code § 1174 and IWC Wage Order 7-2001(7) are

19   public records and no responsive pleading is required.  To the extent a responsive

20   pleading is necessary, Hershey denies each and every allegation in paragraph 151 of the

21   Third Amended Complaint.

22           152.   Hershey denies each and every allegation in paragraph 152 of the

23   Third Amended Complaint except for the following:  Hershey's duties under California

24   Labor Code §§ 226 and 1174 and IWC Wage Order 7-2001(7) are public record and no

25   responsive pleading is required.  To the extent a responsive pleading is necessary,

26   Hershey denies the allegations concerning its duties under these provisions.

27           153.   Hershey denies each and every allegation contained in Paragraph 153

28   of the Third Amended Complaint.

HERSHEY'S ANSWER TO PLAINTIFFS'
THIRD AMENDED COMPLAINT
CASE NO. C 08-1862 BZ

1    154.  Hershey incorporates its responses to Paragraphs 1 through 153 of the

2 Third Amended Complaint.

3    155.  California Business and Professions Code § 17200 is public record

4 and no responsive pleading is required.  To the extent a responsive pleading is necessary,

5 Hershey denies each and every allegation in paragraph 155 of the Third Amended

6 Complaint.

7    156.  Hershey denies each and every allegation contained in Paragraph 156

8 of the Third Amended Complaint.

9    157.  Hershey denies each and every allegation contained in Paragraph 157

10 of the Third Amended Complaint.

11    158.  Hershey denies each and every allegation contained in Paragraph 158

12 of the Third Amended Complaint, except for the following:  Hershey admits that the

13 allegation purports to set forth the relief requested by the "California Plaintiffs," but

14 denies that any such relief is warranted.

15    159.  Hershey denies each and every allegation contained in Paragraph 159

16 of the Third Amended Complaint.

17    To the extent that any response is required to the Third Amended Complaint's

18 separately numbered "Relief Sought," Hershey denies each and every allegation contained

19 in the "Relief Sought."

20    As for its Affirmative Defenses to all causes of action purported to be set forth

21 against it in the Third Amended Complaint, Hershey alleges as follows:

22                        **FIRST AFFIRMATIVE DEFENSE**

23                        Failure to State a Cause of Action

24    Plaintiffs' claims, and each of them, brought on behalf of themselves and

25 the putative members of the purported National Class and California Subclass defined in

26 the Third Amended Complaint, fail to state facts sufficient to constitute a cause of action.

27

28

HERSHEY'S ANSWER TO PLAINTIFFS'
THIRD AMENDED COMPLAINT
CASE NO. C 08-1862 BZ

### SECOND AFFIRMATIVE DEFENSE

Statute of Limitations

Plaintiffs' claims, brought on behalf of themselves and the putative members of the purported National Class and California Subclass defined in the Third Amended Complaint, or some of them, are barred in whole or in part by the applicable statutes of limitations, including, without limitation, the statute of limitations for claims under the Fair Labor Standards Act, 29 U.S.C. §§ 200 *et seq.*, and the limitations periods prescribed in Sections 338 and 340 of the California Code of Civil Procedure and Section 17208 of the California Business & Professions Code.

### THIRD AFFIRMATIVE DEFENSE

Failure to State a Cause of Action for Damages

Plaintiffs' claims, brought on behalf of themselves and the putative members of the purported National Class and California Subclass defined in the Third Amended Complaint, and each of them, fail to state facts sufficient to constitute a cause of action against Hershey for compensatory damages, actual or consequential damages, special or incidental damages, disgorgement or restitution, statutory penalties, declaratory or injunctive relief, interest, or attorneys' fees and costs.

### FOURTH AFFIRMATIVE DEFENSE

No Class/Collective Action

Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative members of the purported National Class and California Subclass defined in the Third Amended Complaint, cannot and should not be maintained on a class or collective action basis because those claims, and each of them, fail to meet the necessary requirements for class or collective action certification including, *inter alia*, typicality, commonality, numerosity, superiority, and adequacy of the class representative, and that Plaintiffs are similarly situated to the putative collective action members.

1

**FIFTH AFFIRMATIVE DEFENSE**

2

Unconstitutional Class/Collective Action

3

Under the circumstances of this case, certification of a class or collective

4

action would violate Hershey's rights under the United States Constitution and the

5

California Constitution.

6

**SIXTH AFFIRMATIVE DEFENSE**

7

No Standing

8

Plaintiffs' claims, or some of them, brought on behalf of themselves and the

9

putative members of the purported National Class and California Subclass defined in the

10

Third Amended Complaint, are barred in whole or in part because Plaintiffs lack standing.

11

**SEVENTH AFFIRMATIVE DEFENSE**

12

No "Willful" Violations ("Waiting Time Penalties")

13

Neither Plaintiffs nor any putative California Subclass members are entitled

14

to "waiting time" penalties because Hershey's behavior was not willful within the

15

meaning of California Labor Code Section 203.

16

**EIGHTH AFFIRMATIVE DEFENSE**

17

No Prohibition on Meal/Rest Periods

18

Plaintiffs' third cause of action, brought on behalf of themselves and the

19

putative members of the purported California Subclass defined in the Third Amended

20

Complaint, are barred in whole or in part because Plaintiffs and the putative class

21

members were free to take meal and rest breaks.

22

**NINTH AFFIRMATIVE DEFENSE**

23

Exhaustion of Administrative Remedies

24

Plaintiffs' third cause of action, brought on behalf of themselves and the

25

putative members of the purported California Subclass defined in the Third Amended

26

Complaint, is barred in whole or in part for failure to satisfy and exhaust the

27

administrative prerequisites for bringing such claims.

28

HERSHEY'S ANSWER TO PLAINTIFFS'
THIRD AMENDED COMPLAINT
CASE NO. C 08-1862 BZ

**TENTH AFFIRMATIVE DEFENSE**

Cal. Lab. Code Section 226.7 Penalty / Section 17200

Plaintiffs' fourth cause of action, brought on behalf of themselves and the putative members of the purported California Subclass defined in the Third Amended Complaint, in part, fails to state facts sufficient to constitute a cause of action because California Labor Code Section 226.7 creates a penalty and not a wage for purposes of California Business & Professions Code Section 17200.

**ELEVENTH AFFIRMATIVE DEFENSE**

Preemption

Plaintiffs' fourth cause of action, brought on behalf of themselves and the putative members of the purported California Subclass defined in the Third Amended Complaint, and their prayer for relief are, in part, pre-empted by the federal Fair Labor Standards Act ("FLSA") in that the application of California law to an alleged violation of the FLSA would impermissibly frustrate and undermine the remedial framework adopted by Congress for alleged violations of the FLSA, because:  (i) Congress has mandated an opt-in collective action procedure for claims under the FLSA, whereas Plaintiffs seek to litigate their fourth cause of action as an opt-out class action pursuant to Rule 23 of the Federal Rules of Civil Procedure; (ii) Congress has prescribed a two- or three-year statute of limitations for alleged violations of the FLSA, whereas Plaintiffs seek to apply a four-year statute of limitations under California Business and Professions Code §§ 17200 *et seq.*; and (iii) Congress has mandated that only the federal government may seek an injunction with respect to an alleged violation of the FLSA, whereas the private-party Plaintiffs seek an injunction under Section 17200.

**TWELFTH AFFIRMATIVE DEFENSE**

Unconstitutional Remedy - California Business & Professions Code

Any finding of liability pursuant to the California Business & Professions Code would violate the Due Process Clauses of the United States and California Constitutions because, *inter alia*, the standards of liability under the Business &

HERSHEY'S ANSWER TO PLAINTIFFS'
THIRD AMENDED COMPLAINT
CASE NO. C 08-1862 BZ

1   Professions Code are unduly vague and subjective, and permit retroactive, random,

2   arbitrary and capricious punishment that serves no legitimate governmental interest.

3   **THIRTEENTH AFFIRMATIVE DEFENSE**

4   Excessive Fines

5   Any award of restitution pursuant to the California Business & Professions

6   Code, would violate the Excessive Fines and Due Process Clauses of the United States

7   and California Constitutions.

8   **FOURTEENTH AFFIRMATIVE DEFENSE**

9   Conduct Reasonable And In Good Faith/Not Willful

10   Plaintiffs' claims, brought on behalf of themselves and the putative

11   members of the purported National Class and California Subclass defined in the Third

12   Amended Complaint, or some of them, are barred in whole or in part because Hershey has

13   at all times acted in good faith, in conformity with and in reliance on statute, common law

14   and the written administrative regulations, orders, rulings, guidelines, approvals and/or

15   interpretations of governmental agencies, and on the basis of a good-faith and reasonable

16   belief that it had complied fully with applicable wage and hour laws.

17   **FIFTEENTH AFFIRMATIVE DEFENSE**

18   Waiver, Discharge and Abandonment

19   Plaintiffs' claims, and the claims of each putative member of the purported

20   National Class and California Subclass set forth in the Third Amended Complaint, or

21   some of them, are barred in whole or in part because such claims have been waived,

22   discharged and/or abandoned.

23   **SIXTEENTH AFFIRMATIVE DEFENSE**

24   Ratification

25   Plaintiffs' claims, and the claims of each putative member of the purported

26   National Class and California Subclass set forth in the Third Amended Complaint, and

27   each of them, are barred in whole or in part by Plaintiffs' and the putative class members'

28   ratification of the conduct of which they complain.

HERSHEY'S ANSWER TO PLAINTIFFS'
THIRD AMENDED COMPLAINT
CASE NO. C 08-1862 BZ

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SEVENTEENTH AFFIRMATIVE DEFENSE

### Estoppel

Plaintiffs' claims, and the claims of each putative member of the purported National Class and California Subclass set forth in the Third Amended Complaint, or some of them, are barred in whole or in part because Plaintiffs and the putative class members are estopped by their own conduct to claim any right to damages or other monetary relief from Hershey.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### Setoff and Recoupment

If any damages have been sustained by Plaintiffs, or by any putative members of the purported National Class and California Subclass defined in the Third Amended Complaint, although such is not admitted hereby or herein and is specifically denied, Hershey is entitled under the equitable doctrine of setoff and recoupment to offset all obligations owed by the Plaintiffs or putative class members to Hershey against any judgment that may be entered against Hershey.

## NINETEENTH AFFIRMATIVE DEFENSE

### No Punitive Damages

To the extent Plaintiffs seek such relief, their causes of action, and each of them, brought on behalf of themselves and the putative members of the purported National Class and California Subclass defined in the Third Amended Complaint, fail to state facts sufficient to constitute a claim or prayer for punitive damages.

## TWENTIETH AFFIRMATIVE DEFENSE

### Adequate Remedy at Law

Injunctive relief is barred because Plaintiffs and the putative members of the purported National Class and California Subclass defined in the Third Amended Complaint have an adequate remedy at law and/or other requirements for granting injunctive relief cannot be satisfied.

HERSHEY'S ANSWER TO PLAINTIFFS'
THIRD AMENDED COMPLAINT
CASE NO. C 08-1862 BZ

1

## TWENTY-FIRST AFFIRMATIVE DEFENSE

2

### Attorneys' Fees

3       Hershey is entitled to recover all costs and attorneys' fees incurred herein

4   under California Civil Procedure Code § 128.7.

5

## TWENTY-SECOND AFFIRMATIVE DEFENSE

6

### Overtime Exemptions

7       Plaintiffs' claims, and the claims of each putative member of the purported

8   National Class and California Subclass set forth in the Third Amended Complaint, and

9   each of them, are barred in whole or in part because Plaintiffs and the putative class

10  members were at all relevant times exempt from the overtime pay requirements of federal

11  and California law pursuant to the overtime exemptions for, *inter alia*, "administrative"

12  and/or "outside sales" employees.

13

## TWENTY-THIRD AFFIRMATIVE DEFENSE

14

### No Jury Trial

15      Plaintiffs are not entitled to have equitable issues or matters of law tried to a

16  jury, and Plaintiffs' demand for a jury trial should be so limited.

17

18      **WHEREFORE**, Hershey prays as follows:

19      1.      That the Third Amended Complaint and each cause of action therein

20  be dismissed with prejudice;

21      2.      That Plaintiffs' requests for damages, remedies, fees, costs,

22  injunctive and declaratory relief, and other relief be denied in their entirety, and that

23  Plaintiffs take nothing by way of the Third Amended Complaint;

24      3.      That Hershey be awarded its costs of suit, disbursements, and

25  attorney's fees herein; and

26

27

28

HERSHEY'S ANSWER TO PLAINTIFFS'
THIRD AMENDED COMPLAINT
CASE NO. C 08-1862 BZ

1        4.     That the Court order such other and further relief for Hershey as the

2  Court may deem just and proper.

3

4       Dated:  February 5, 2010           O'MELVENY & MYERS LLP

5                                FRAMROZE M. VIRJEE
CHRIS A. HOLLINGER

6                                MICHAEL GARRISON
ADAM P. KOHSWEENEY

7

8                           By     \s\ Framroze M. Virjee

9                                     Framroze M. Virjee
Attorneys for Defendant THE HERSHEY

10                                  COMPANY

787498

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

1    CHRIS A. HOLLINGER (S.B. #147637)
     chollinger@omm.com
2    ADAM P. KOHSWEENEY (S.B. # 229983)
     akohsweeney@omm.com
3    O'MELVENY & MYERS LLP
     Two Embarcadero Center
4    28th Floor
     San Francisco, CA 94111-3823
5    Telephone:   (415) 984-8700
     Facsimile:   (415) 984-8701
6
     FRAMROZE M. VIRJEE (S.B. #120407)
7    fvirjee@omm.com
     MICHAEL W. GARRISON, JR. (S.B.#212647)
8    mgarrison@omm.com
     O'MELVENY & MYERS LLP
9    400 South Hope Street
     Los Angeles, CA 90071
10   Telephone:  (213) 430-6000
     Facsimile:  (213) 430-6047
11
     Attorneys for Defendant
12   THE HERSHEY COMPANY

RECEIVED
FEB 11 2010
By 07-3601

13              UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA
14                  OAKLAND DIVISION

15   JULIE CAMPANELLI, et al.,          Case No. C 08-1862 BZ

16              Plaintiffs,
                                        **DEFENDANT THE HERSHEY
17        v.                            COMPANY'S OBJECTIONS AND
                                        ANSWERS TO PLAINTIFFS'
18   THE HERSHEY COMPANY,               INTERROGATORIES, SET
                                        NO. ONE**
19              Defendant.
                                        **Judge:  Hon. Bernard Zimmerman**
20

21

22   PROPOUNDING PARTY:  PLAINTIFFS

23   RESPONDING PARTY:    DEFENDANT THE HERSHEY COMPANY

24   SET NUMBER:          ONE

25

26

27

28

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant The Hershey Co. ("Hershey") hereby objects to and answers Plaintiffs' Interrogatories, Set No. One (the "Interrogatories"), as follows:

## PRELIMINARY STATEMENT

The following objections to Plaintiffs' Interrogatories are made on the basis of information that is presently known and available to Hershey and its attorneys. Hershey's discovery, investigation and preparation for trial are not yet complete and are continuing as of the date of these objections. Hershey expressly reserves the right to continue its discovery and investigation for facts, documents, witnesses and supplemental data which may reveal information that, if presently within its knowledge, would have been included in this response. Accordingly, Hershey specifically reserves the right to use at trial, and in connection with any motion, additional documents and information that may be discovered or disclosed through its continuing investigation and discovery.

The following objections are made without waiving and while preserving: (a) the right to raise in any subsequent proceeding or at the trial of this or any other action all questions of authenticity, foundation, relevancy, materiality, privilege, and evidentiary admissibility of any information or document identified in response to the instant Interrogatories; (b) the right to object on any ground to the use or introduction into evidence of any information or document in any subsequent proceeding or at the trial of this or any other action on any ground; and (c) the right to object on any ground at any time to additional discovery.

## OBJECTIONS AND ANSWERS

## INTERROGATORY NO. 1:

For each document YOU produced in response to Plaintiffs' Request for Production of Documents No. 43, identify the author of each document, the

1   location of where each document came from, the purpose of each document, and

2   the date each document was created, copied, or distributed to the RSRs.

3   **OBJECTIONS AND ANSWER TO INTERROGATORY NO. 1:**

4       Hershey objects to Interrogatory No. 1 on the on the ground that it is

5   premature because Hershey has not yet produced nonprivileged documents, if any,

6   responsive to Plaintiffs' Request for Production of Documents No. 43.  Hershey

7   also objects to this Interrogatory on the grounds that is overbroad and unduly

8   burdensome.  Hershey also objects to this Interrogatory to the extent that it seeks

9   information protected from disclosure by the attorney-client privilege and/or the

10   attorney work product doctrine.

11       Notwithstanding these objections, consistent with them, and without waiving

12   any of them, Hershey answers as follows:  Hershey is conducting a search for

13   documents responsive to Plaintiffs' Request for Production of Documents No. 43,

14   and if Hershey locates responsive nonprivileged documents that are produced in

15   this matter, Hershey will supplement this answer.

16   **INTERROGATORY NO. 2:**

17       For each document YOU produced in response to Plaintiffs' Request for

18   Production of Documents No. 44, identify the author of each document, the

19   location of where each document came from, the purpose of each document, and

20   the date each document was created, copied, or distributed to the RSRs.

21   **OBJECTIONS AND ANSWER TO INTERROGATORY NO. 2:**

22       Hershey objects to Interrogatory No. 2 on the on the ground that it is

23   premature because Hershey has not yet produced nonprivileged documents, if any,

24   responsive to Plaintiffs' Request for Production of Documents No. 44.  Hershey

25   also objects to this Interrogatory on the grounds that is overbroad and unduly

26   burdensome.  Hershey also objects to this Interrogatory to the extent that it seeks

27   information protected from disclosure by the attorney-client privilege and/or the

28   attorney work product doctrine.

DEFENDANT'S OBJECTIONS AND ANSWERS TO
PLAINTIFFS' INTERROGATORIES, SET ONE
C 08-1862 BZ

1    Notwithstanding these objections, consistent with them, and without waiving

2    any of them, Hershey answers as follows:  Hershey is conducting a search for

3    documents responsive to Plaintiffs' Request for Production of Documents No. 44,

4    and if Hershey locates responsive nonprivileged documents that are produced in

5    this matter, Hershey will supplement this answer.

6    **INTERROGATORY NO. 3:**

7    Identify all similarities and differences between the [sic] each of the named

8    Plaintiffs' job tasks.

9    **OBJECTIONS AND ANSWER TO INTERROGATORY NO. 3:**

10    Hershey objects to Interrogatory No. 3 on the grounds that it is vague,

11    ambiguous and unintelligible.  Hershey also objects to this Interrogatory on the

12    ground that it is vague as to the applicable time period.  Hershey also objects to this

13    Interrogatory on the grounds that it is overbroad and unduly burdensome.

14    Notwithstanding these objections, consistent with them, and without

15    waiving any of them, to the extent that this Interrogatory asks whether the

16    Plaintiffs' general job duties as Hershey RSRs since April 7, 2004 were the same,

17    Hershey answers as follows:  See RSR job descriptions previously produced by

18    Hershey.  However, how each Plaintiff performed his or her general job duties,

19    and how much time he or she spent on each of those duties during a particular

20    sales call, work day or work week, varied greatly.

21    **INTERROGATORY NO. 4:**

22    Explain whether there were changes made to the duties and responsibilities

23    of what was formerly known as the "District Manager" position, and which then

24    became known as the "District Sales Manager" position in the course of the sales

25    force realignment and, if so, identify in detail each such change.

26    **OBJECTIONS AND ANSWER TO INTERROGATORY NO. 4:**

27    Hershey objects to Interrogatory No. 4 on the grounds that it is vague,

28    ambiguous and unintelligible as phrased.  Hershey also objects to this Interrogatory

DEFENDANT'S OBJECTIONS AND ANSWERS TO
PLAINTIFFS' INTERROGATORIES, SET ONE
C 08-1862 BZ

on the ground that it is vague as to the applicable time period. Hershey also objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. Hershey also objects to this Interrogatory to the extent that it seeks information which is neither relevant to any material issue in this case nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding these objections, consistent with them, and without waiving any of them, to the extent that this Interrogatory asks how the general job duties of the Hershey District Sales Manager ("DSM") position changed, if at all, as result of Hershey's corporate sales reorganization in 2003, Hershey answers as follows: Hershey's 2003 corporate sales reorganization did not substantially alter the general duties and responsibilities of DSMs. Both before and after Hershey's corporate sales reorganization, DSMs were and continued to be responsible for managing their geographic sales districts and supervising Hershey sales employees within those districts in such a way as to maximize sales of Hershey products in their districts.

**INTERROGATORY NO. 5:**

Explain whether there were changes made to the duties and responsibilities of the RSR position in the course of the sales force realignment and, if so, identify in detail each such change.

**OBJECTIONS AND ANSWER TO INTERROGATORY NO. 5:**

Hershey objects to Interrogatory No. 5 on the grounds that it is vague, ambiguous and unintelligible as phrased. Hershey also objects to this Interrogatory on the ground that it is vague as to the applicable time period. Hershey also objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome.

Notwithstanding these objections, consistent with them, and without waiving any of them, to the extent that this Interrogatory asks how the general job duties of the Hershey Retail Sales Representative ("RSR") position changed, if at all, as a result of Hershey's corporate sales reorganization in 2003, Hershey

DEFENDANT'S OBJECTIONS AND ANSWERS TO
PLAINTIFFS' INTERROGATORIES, SET ONE
C 08-1862 BZ

1   answers as follows:  Hershey's 2003 corporate sales reorganization did not

2   substantially alter the general duties and responsibilities of RSRs.  Both before

3   and after Hershey's corporate sales reorganization, RSRs were and continued to

4   be responsible for managing the accounts in their exclusive geographic sales

5   territories, while applying their own judgment and experience as they saw fit

6   within company guidelines in such a way as to maximize sales of Hershey

7   products in their accounts.  As part of the reorganization and thereafter, Hershey

8   placed an even greater emphasis on the sales aspect of the RSR position by,

9   including but not limited to:  (1) developing, distributing to the RSRs and

10  continuing to refine over time "analytic" information showing sales by customer,

11  particular customer store and/or product; (2) developing and distributing to RSRs

12  for use on their sales calls the REX handheld device; and (3) reorganizing RSR

13  routes to maximize in-store call time and to minimize drive time between

14  accounts.

15  **INTERROGATORY NO. 6:**

16       Explain in detail what YOUR understanding of what "Retail Execution"

17  means relative to the District Sales Manager and RSR positions.

18       (As used herein, DSM shall mean Hershey District Sales Manager.)

19  **OBJECTIONS AND ANSWER TO INTERROGATORY NO. 6:**

20       Hershey objects to Interrogatory No. 6 on the grounds that it is vague,

21  ambiguous and unintelligible as phrased.  Hershey also objects to this Interrogatory

22  on the ground that it is vague as to the applicable time period.  Hershey also objects

23  to this Interrogatory on the ground that it seeks information beyond the scope of

24  pre-class certification discovery.

25       Notwithstanding these objections, consistent with them, and without

26  waiving any of them, to the extent that this Interrogatory asks Hershey to define

27  the phrase "Retail Execution" as it has applied to DSMs and RSRs since April 7,

28  2004, Hershey answers as follows:  When applied to DSMs, the term "Retail

- 6 -

DEFENDANT'S OBJECTIONS AND ANSWERS TO
PLAINTIFFS' INTERROGATORIES. SET ONE
C 08-1862 BZ

1  Execution" means a DSM's active management and supervision of his or her
2  geographical sales district in order to successfully reach the territory's sales goals
3  (both on an annual basis and for each four-week sales cycle) for the Hershey
4  clients located within that District.  To achieve these goals, DSMs work to ensure
5  that the RSRs whose exclusive sales territories are located within the DSM's
6  district are executing their sales duties so as to maximize the sale of Hershey
7  product in the RSRs' individual client-stores.  With respect to RSRs, "Retail
8  Execution" means, within a particular RSR's exclusive client-stores:  (1)
9  conducting in-store sales audits to ensure that the Hershey products already
10 purchased or authorized to be purchased by the client-store (whether generally or
11 in connection with a particular sales promotion) actually are on the sales floor,
12 adequately stocked, appropriately tagged and priced, and displayed in the correct
13 area of the store; (2) identifying opportunities for the placement and sale of more
14 Hershey product; (3) and, using their judgment and experience, the sales analytics
15 and other tools provided by Hershey, and the results of their in-store sales audit,
16 developing and implementing sales strategies based on the particular
17 circumstances at a particular client-store during a particular sales call, in
18 conjunction with the Key Decision Maker ("KDM") of that client-store, to
19 maximize the sale of Hershey product in that store (both generally and in
20 connection with particular promotions), including but not limited to, by
21 convincing the KDM to order more Hershey product, move additional Hershey
22 product from the back room to the sales floor, or to authorize Hershey product to
23 be displayed in additional or more desirable locations on the sales floor.

24 **INTERROGATORY NO. 7:**

25     For each year from 2004 through the present, please identify those
26 customers who comprise 90% of YOUR sales, and for each identify the
27 percentage of sales.

28

DEFENDANT'S OBJECTIONS AND ANSWERS TO
PLAINTIFFS' INTERROGATORIES, SET ONE
C 08-1862 BZ

**OBJECTIONS TO INTERROGATORY NO. 7:**

Hershey objects to Interrogatory No. 7 on the grounds that it is vague, ambiguous and unintelligible as phrased. Hershey also objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. Hershey also objects to this Interrogatory to the extent that it seeks confidential, proprietary and/or trade secret information. Hershey also objects to this Interrogatory to the extent that it seeks information that is neither relevant to any material issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Hershey also objects to this Interrogatory on the ground that it seeks information beyond the scope of pre-class certification discovery.

**INTERROGATORY NO. 8:**

Identify the person[s] serving as the main contacts for sales negotiations for YOU and each of the companies identified in response to Interrogatory No. 7.

**OBJECTIONS TO INTERROGATORY NO. 8:**

Hershey objects to Interrogatory No. 8 on the grounds that it is vague, ambiguous and unintelligible as phrased. Hershey also objects to this Interrogatory on the ground that it seeks personal and private information that, if disclosed, would unduly and improperly invade the protected privacy rights of third-party nonlitigants to a degree incommensurate with Plaintiffs' legitimate discovery needs.

**INTERROGATORY NO. 9:**

Identify from 2004 through the present the procedures YOU use to book or recognize sales, including but not limited to at which stage of the transaction process YOU consider a sale to be made.

**OBJECTIONS AND ANSWER TO INTERROGATORY NO. 9:**

Hershey objects to Interrogatory No. 9 on the grounds that it is vague, ambiguous and unintelligible as phrased. Hershey also objects to this Interrogatory to the extent that it seeks information that is neither relevant to any material issue in this case nor reasonably calculated to lead to the discovery of admissible evidence.

DEFENDANT'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' INTERROGATORIES, SET ONE
C 08-1862 BZ

1  Hershey also objects to this Interrogatory to the extent that it seeks information

2  protected from disclosure by the attorney-client privilege and/or the work product

3  doctrine.  Hershey also objects to this Interrogatory on the ground that it seeks

4  information beyond the scope of pre-class certification discovery.

5      Notwithstanding these objections, consistent with them, and without

6  waiving any of them, to the extent that this Interrogatory asks when, solely for

7  accounting purposes, Hershey recognizes revenue generated by the sale of its

8  products, Hershey answers as follows:  When the product is shipped from

9  Hershey's warehouse.

10  **INTERROGATORY NO. 10:**

11      Identify in detail every alleged sale or order placed by each named Plaintiff

12  from 2004 through the present.

13  **OBJECTIONS AND ANSWER TO INTERROGATORY NO. 10:**

14      Hershey objects to Interrogatory No. 10 on the grounds that it is vague,

15  ambiguous and unintelligible as phrased.  Hershey also objects to this Interrogatory

16  on the grounds that it is overbroad and unduly burdensome.  Hershey also objects to

17  this Interrogatory to the extent that it seeks production of information protected

18  from disclosure by the attorney-client privilege and/or the work product doctrine.

19      Notwithstanding these objections, consistent with them, and without

20  waiving any of them, to the extent that this Interrogatory asks for the identification

21  of "sales" activities by Plaintiffs since April 7, 2004, Hershey answers as follows:

22  All of Plaintiffs' work as Hershey RSRs was geared toward increasing and

23  maximizing the sale of Hershey product at each of their respective client-stores.

24  Plaintiffs' actions collectively were responsible for the sale of millions of dollars

25  if not more of Hershey product at their client-stores over the course of their

26  employment with Hershey.  See, e.g., Plaintiffs' notations contained in the "Call

27  Comments" section of the REX reports previously produced or to be produced by

28  Hershey.

DEFENDANT'S OBJECTIONS AND ANSWERS TO
PLAINTIFFS' INTERROGATORIES, SET ONE
C 08-1862 BZ

**INTERROGATORY NO. 11:**

If YOU contend that there was an understanding between YOU and each of the named Plaintiffs that the named Plaintiffs would be paid using the fluctuating workweek method, please identify all facts YOU claim support such a contention relative to each Plaintiff.

**OBJECTIONS AND ANSWER TO INTERROGATORY NO. 11:**

Hershey objects to Interrogatory No. 11 on the grounds that it is vague, ambiguous and unintelligible as phrased. Hershey also objects to this Interrogatory on the ground that it is vague as to the applicable time period. Hershey also objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. Hershey also objects to this Interrogatory to the extent that it seeks production of information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Hershey also objects to this Interrogatory on the ground that it seeks information beyond the scope of pre-class certification discovery.

Notwithstanding these objections, consistent with them, and without waiving any of them, to the extent that this Interrogatory asks whether Hershey contends that the named Plaintiffs understood Hershey would pay them, for purposes of the Fair Labor Standards Act, according to the fluctuating workweek method set forth in 29 C.F.R. § 778.14, Hershey answers as follows: Hershey does not so contend.

**INTERROGATORY NO. 12:**

If YOU contend that YOU and each of the named Plaintiffs shared a clear mutual understanding regarding the use of the fluctuating work week method of overtime calculation, please identify all facts which YOU claim support such a contention relative to each Plaintiff.

**OBJECTIONS TO INTERROGATORY NO. 12:**

Hershey objects to Interrogatory No. 12 on the grounds that it is vague, ambiguous and unintelligible as phrased. Hershey also objects to this Interrogatory

1  on the ground that it is vague as to the applicable time period. Hershey also objects

2  to this Interrogatory on the grounds that it is overbroad and unduly burdensome.

3  Hershey also objects to this Interrogatory to the extent that it seeks production of

4  information protected from disclosure by the attorney-client privilege and/or the

5  work product doctrine. Hershey also objects to this Interrogatory on the ground

6  that it seeks information beyond the scope of pre-class certification discovery.

7  Hershey also objects to this Interrogatory on the ground that it is duplicative of

8  Interrogatory No. 11.

9  **INTERROGATORY NO. 13:**

10      Identify promotional or merchandising work by each of the named Plaintiffs

11  that was performed or done incidental to sales made by persons other than the

12  Plaintiffs.

13  **OBJECTIONS AND ANSWER TO INTERROGATORY NO. 13:**

14      Hershey objects to Interrogatory No. 13 on the grounds that it is vague,

15  ambiguous and unintelligible as phrased. Hershey also objects to this Interrogatory

16  on the ground that it is vague as to the applicable time period. Hershey also objects

17  to this Interrogatory on the grounds that it is overbroad and unduly burdensome.

18  Hershey also objects to this Interrogatory to the extent that it seeks production of

19  information protected from disclosure by the attorney-client privilege and/or the

20  work product doctrine. Hershey also objects to this Interrogatory on the ground

21  that it assumes facts not in evidence.

22      Notwithstanding these objections, consistent with them, and without

23  waiving any of them, to the extent that this Interrogatory asks for the identification

24  of Plaintiffs' job duties and responsibilities since April 7, 2004 that were

25  incidental to the sale of Hershey product, Hershey answers as follows: All job

26  duties and responsibilities of Plaintiffs as Hershey RSRs either constituted sales or

27  were incidental to that RSR's or other Hershey employees' sale of Hershey

28  product.

DEFENDANT'S OBJECTIONS AND ANSWERS TO
PLAINTIFFS' INTERROGATORIES, SET ONE
C 08-1862 BZ

**INTERROGATORY NO. 14:**

Identify any and all alleged "special sales training" YOU provided to each of the named Plaintiffs and all RSRs from 2004 through the present.

**OBJECTION AND ANSWER TO INTERROGATORY NO. 14:**

Hershey objects to Interrogatory No. 14 on the grounds that it is vague, ambiguous and unintelligible as phrased.

Notwithstanding this objection, consistent with it, and without waiving it, to the extent that this Interrogatory asks Hershey to identify categories of sales training it has provided to RSRs since April 7, 2004, Hershey answers as follows: Hershey continuously provides its RSRs sales training, information and strategies to maximize the sale of Hershey product in their various client-stores, including but not limited to in the following contexts: (1) the Building Retail Excellence Sales Training Program; (2) periodic sales meetings; (3) periodic "work-withs" with a DSM or other Hershey management employee; (4) semi-annual performance reviews; and (5) circulation of "Best Demonstrated Practices."

**INTERROGATORY NO. 15:**

If there were any limits placed on the sales activity of RSRs from 2002 through the present, identify all such limits and explain why such limits were placed on RSRs.

**OBJECTIONS AND ANSWER TO INTERROGATORY NO. 15:**

Hershey objects to Interrogatory No. 15 on the grounds that it is vague, ambiguous and unintelligible as phrased. Hershey also objects to this Interrogatory on the ground that it is overbroad as to time and unduly burdensome.

Notwithstanding these objections, consistent with them, and without waiving any of them, to the extent that this Interrogatory asks if and, if so, why Hershey has limited its RSRs' ability to sell additional Hershey product to their client-stores since April 7, 2004, Hershey answers as follows: Since April 7, 2004, Hershey always has encouraged its RSRs to, based on their evaluation of

DEFENDANT'S OBJECTIONS AND ANSWERS TO
PLAINTIFFS' INTERROGATORIES, SET ONE
C 08-1862 BZ

1   the particular facts at a particular client-store on the day of a particular store sales
2   call, use their own judgment and experience to develop and work with that
3   particular KDM to implement strategies to maximize the sale of Hershey product
4   at that particular client-store.  The pricing of Hershey products at any particular
5   time is determined by Hershey's corporate office consistent with the company's
6   national, client-specific, seasonal and programmatic sales plans.  RSRs may
7   request that the price of a particular product for a particular client-store be
8   adjusted.  To the extent that this Interrogatory asks whether Hershey has placed a
9   greater or lesser emphasis on RSRs' sales activities since the 2003 corporate
10  reorganization, Hershey responds as follows:  Greater.

11  **INTERROGATORY NO. 16:**

12      According to YOUR Federal Rule of Civil Procedure 30(b)(6) June 25,
13  2009 deposition testimony from Shiloh Meanor, YOU recently stopped collecting
14  the overall time that the RSRs worked.  Please explain who made this decision
15  and why this decision was made.

16  **OBJECTIONS TO INTERROGATORY NO. 16:**

17      Hershey objects to Interrogatory No. 16 on the ground that it misstates Mr.
18  Shiloh's deposition testimony and, as a result, is vague, ambiguous and
19  unintelligible as phrased.  Hershey also objects to this Interrogatory to the extent
20  that it seeks production of information protected from disclosure by the attorney-
21  client privilege and/or the work product doctrine.  Hershey also objects to this
22  Interrogatory on the ground that it assumes facts not in evidence.

23  **INTERROGATORY NO. 17:**

24      For the RSR performance reviews conducted since January 1, 2004, for
25  each criteria set forth in the performance review identify whether it reflects the
26  transfer of title to tangible property, the transfer of title to tangible and valuable
27  evidences of intangible property, or any sale, exchange, contract to sell,
28  consignment for sale, shipment for sale, or other disposition.

DEFENDANT'S OBJECTIONS AND ANSWERS TO
PLAINTIFFS' INTERROGATORIES, SET ONE
C 08-1862 BZ

**OBJECTIONS TO INTERROGATORY NO. 17:**

Hershey objects to Interrogatory No. 17 on the grounds that it is vague, ambiguous and unintelligible as phrased. Hershey also objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence in this action. Hershey also objects to this Interrogatory to the extent that it seeks production of information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Hershey also objects to this Interrogatory on the ground that it seeks information beyond the scope of pre-class certification discovery.

**INTERROGATORY NO. 18:**

State the average salary for YOUR RSRs from the year 2004 and for each subsequent year up to and including the present.

**OBJECTION AND ANSWER TO INTERROGATORY NO. 18:**

Hershey objects to Interrogatory No. 18 on the ground that it seeks confidential, proprietary and/or trade secret information.

Notwithstanding these objections, consistent with them, and without waiving any of them, Hershey answers this Interrogatory as follows: Hershey paid its RSRs the following average compensation from 2004 to 2008 (averages include RSRs who worked less than the entire year):

- 2004 -- $38,169;
- 2005 -- $38,922;
- 2006 -- $35,673;
- 2007 -- $36,181; and
- 2008 -- $41,593.

Hershey will supplement this answer to provide information for 2009.

**INTERROGATORY NO. 19:**

State the average number of hours YOUR RSRs work for each week from the year 2004 and for each subsequent year up to and including the present.

**OBJECTIONS AND ANSWER TO INTERROGATORY NO. 19:**

Hershey objects to Interrogatory No. 19 on the ground that it assumes facts not in evidence. Hershey also objects to this Interrogatory on the ground that it seeks information outside Hershey's possession, custody or control. Hershey also objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Hershey also objects to this Interrogatory to the extent that it seeks confidential, proprietary and/or trade secret information.

Notwithstanding these objections, consistent with them, and without waiving any of them, Hershey answers this Interrogatory as follows: Hershey does not know, and has no way of accurately determining, the actual average number of total hours worked by RSRs on a weekly (or any other) basis from 2004 to present. Because the RSR positions was classified as "exempt" for purposes of the FLSA and California Labor Code, there was no need to track, and Hershey did not track, hours worked by RSRs on a weekly basis.

Dated: February 8, 2010.

O'MELVENY & MYERS LLP
FRAMROZE M. VIRJEE
CHRIS A. HOLLINGER
MICHAEL W. GARRISON, JR.
ADAM P. KOHSWEENEY

By: _____
        Michael W. Garrison, Jr.
     Attorneys for Defendant
     THE HERSHEY COMPANY

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 400 South Hope Street, Los Angeles, California 90071-2899.

On February 8, 2010, I served the **DEFENDANT THE HERSHEY COMPANY'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' INTERROGATORIES, SET NO. ONE** upon counsel named below by placing a true and correct copy thereof in an envelope addressed as follows:

| | |
|---|---|
| David C. Feola<br>Hoban & Feola, LLC<br>4611 Plettner Lane, Suite 110<br>Evergreen, Colorado 80439 | Brian J. Malloy<br>Thomas J. Brandi<br>The Brandi Law Firm<br>354 Pine Street, Third Floor<br>San Francisco, CA  94104 |

☒  (By Mail)  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  (By Federal Express)  I caused such envelope to be placed in the Airborne Express depository at Los Angeles, California.

☐  (By Personal Service)  I prepared such envelope to be delivered by hand to the addressee(s).

☐  (Facsimile)  I caused such document to be transmitted via facsimile at the above number(s).

☒  (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒  (Federal)  I declare that I am employed in the office of a member of the Bar of this court at whose direction the service was made.

Executed on February 8, 2010, at Los Angeles, California.

_____
                                                              Patricia Taylor

LA3:1153329.1

<u>VERIFICATION</u>

I, *Thomas C. Smucla*, declare and state that I am authorized to sign these answers for and on behalf of The Hershey Company in my capacity as *V. P. North American Retail*.

I have read the **DEFENDANT THE HERSHEY COMPANY'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' INTERROGATORIES, SET NO. ONE** and am informed and believe the responses stated therein to be true and on that ground allege that the responses stated therein are true.

I declare under the penalty of perjury under the laws of California that the foregoing is true and correct.

EXECUTED this *22* day of February 2010, at *Hershey*, Pennsylvania.

LA3:1164814.1