THE BRANDI LAW FIRM
THOMAS J. BRANDI (CA Bar No. 53208)
BRIAN J. MALLOY (CA Bar No. 234882)
354 Pine Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 989-1800
Facsimile:  (415) 989-1801
Email: tjb@brandilaw.com

HOBAN & FEOLA, LLC
DAVID C. FEOLA* (CO Bar No. 18789)
4611 Plettner Lane, Suite 110
Evergreen, Colorado 80439
Phone: (303) 674-7000
Fax:    (303) 674-6684
Email:  David@Feolalaw.com

*Admitted pro hac vice*

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE CAMPANELLI, et al. | Case No.: 08-cv-01862-BZ |
| Plaintiffs, | **COLLECTIVE ACTION** |
| v. | **JOINT STATEMENT OF UNDISPUTED FACTS FOR PURPOSES OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE OUTSIDE SALES AND ADMINISTRATIVE EXEMPTIONS** |
| THE HERSHEY COMPANY, | |
| Defendant. | |
| | **Date:  February 16, 2011**<br>**Time:  10:00 a.m.**<br>**Courtroom:  G, 15th Floor**<br>**Judge:  Hon. Bernard Zimmerman** |
| | **Trial Date: April 18, 2010** |

1
JOINT STATEMENT OF UNDISPUTED FACTS FOR PURPOSES OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE OUTSIDE SALES AND ADMINISTRATIVE EXEMPTIONS - Case No.: 08-cv-01862-BZ

Pursuant to Civil L.R. 56-2 and this Court's October 7, 2009 Pretrial Scheduling Order [Doc. No. 65], Defendant The Hershey Company ("Hershey) and Plaintiffs submit the following Joint Statement of Undisputed Facts for purposes of Plaintiffs' Motion for Partial Summary Judgment.

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. In the early 2000s, consolidations accelerated regarding Hershey's retail customers. | Rule 30(b)(6) Deposition of Robert Ibberson Vol. 1, 49:6-7, Ex. G.[1] |
| 2. The entry-level RSR position was a product of this reorganization. | 8/13/10 Order Permitting Collective Action at 2:5-8. |
| 3. Hershey has classified the RSR position as exempt from federal and state overtime laws. | Hershey Answer to TAC ¶¶ 50-52, Ex. B. |
| 4. The CSEs and the District Sales Manager ("DSM") will discuss the sales plan, and then communicate the plan to the RSRs with their expectations for the next cycle. | 30(b)(6) Dep. Ibberson Vol. 2, 91:22-93:7, Ex. H. |
| 5. The price of Hershey product is set by corporate. | 30(b)(6) Dep. Smuda 149:14-15, Ex. I; *see also* 30(b)(6) Dep. Ibberson Vol. 2, 54:22-23, Ex. H; Anderson Dec. ¶ 9; Smith Dec. ¶ 9; Godfrey ¶ 9. |
| 6. The RSRs do not have the ability nor the discretion without approval to negotiate prices with the customer stores. | Anderson Dec. ¶ 9; Smith Dec. ¶ 9; Godfrey ¶ 9; Dow 20:13-21:9, 54:11-16, Ex. M; Brinkmann 91:16-92:6, Ex. O. |

---

[1] "Ex." refers to the Declaration of Brian J. Malloy In Support of Plaintiffs' Motion for Partial Summary Judgment.

| | |
|---|---|
| 7. The RSR is to log into the Rex PDA at his or her first store, perform the store call and, when done, log out of the Rex and drive to the next store, repeating that process throughout the day. | 30(b)(6) Dep. Ibberson Vol. 2, 87:23-88:6, Ex. H; Anderson Dec. ¶ 6; Smith Dec. ¶ 6; Godfrey Dec. ¶ 6. |
| 8. The RSRs are required to carry with them the Rex PDA during their workday. | *See, e.g.*, Comley 55:7-12, Ex. S. |
| 9. There is no way for an RSR to place an actual sales order through the Rex. | 30(b)(6) Dep. Meanor 138:14-21; 139:17-21, Ex. J; RSR Declarant Taylor 106:7-10, Ex. N. |
| 10. The RSRs are compensated on a salary basis. | 30(b)(6) Dep. Slotznick at 95:9-11, Ex. K; Anderson Dec. ¶ 10; Smith Dec. ¶ 10; Godfrey Dec. ¶ 10. |
| 11. The RSRs are not compensated through individual commissions based on any purported "sales." | 30(b)(6) Dep. Smuda 241:8-9, Ex. I; 30(b)(6) Dep. Slotznick 95:12-19, 96:6-11, Ex. K; Anderson Dec. ¶ 10; Smith Dec. ¶ 10; Godfrey Dec. ¶ 10. |
| 12. The RSRs are not compensated on a "salary plus commission" basis. | 30(b)(6) Dep. Slotznick at 96:13-23, Ex. K. |
| 13. There is there is no way to distinguish between headquarter sales and the RSR's sales using POS reports. | Taylor 62:22-25, Ex. N; Comley 61:4-8, Ex. S. |
| 14. Hershey has a part-time, non-exempt position called the Retail Sales Merchandiser ("RSM"). | |
| 15. The RSRs do not work in offices. | |
| 16. One requirement of the RSR position as set forth in the | H00000783, Ex. BB. |

3
JOINT STATEMENT OF UNDISPUTED FACTS FOR PURPOSES OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE OUTSIDE SALES AND ADMINISTRATIVE EXEMPTIONS - Case No.: 08-cv-01862-BZ

Job Description is the "[a]bility to perform essential physical functions of the position daily – Requires the ability to lift 10-50 lbs. on a repetitive basis."

Dated:   January 12, 2011            THE BRANDI LAW FIRM


By    /s/ Brian J. Malloy
         Thomas J. Brandi
         Brian J. Malloy

Attorneys for Plaintiffs

Dated:   January 12, 2011            FRAMROZE M. VIRJEE
                                     CHRIS A. HOLLINGER
                                     MICHAEL W. GARRISON, JR.
                                     ADAM P. KOHSWEENEY
                                     O'MELVENY & MYERS LLP


By:  /s/ Framroze M. Virjee
         Framroze M. Virjee
Attorneys for Defendant
THE HERSHEY COMPANY