THE BRANDI LAW FIRM
THOMAS J. BRANDI (CA Bar No. 53208)
BRIAN J. MALLOY (CA Bar No. 234882)
354 Pine Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 989-1800
Facsimile:  (415) 989-1801
Email: tjb@brandilaw.com

HOBAN & FEOLA, LLC
DAVID C. FEOLA* (CO Bar No. 18789)
4611 Plettner Lane, Suite 110
Evergreen, Colorado 80439
Phone: (303) 674-7000
Fax:    (303) 674-6684
Email:  David@Feolalaw.com

*Admitted pro hac vice*

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE CAMPANELLI, et al.<br><br>Plaintiffs,<br><br>v.<br><br>THE HERSHEY COMPANY,<br><br>Defendant. | Case No.: 08-cv-01862-BZ<br><br>**COLLECTIVE ACTION**<br><br>**PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED FACTS FOR PURPOSES OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE OUTSIDE SALES AND ADMINISTRATIVE EXEMPTIONS**<br><br>**Date:  February 16, 2011**<br>**Time:  10:00 a.m.**<br>**Courtroom:  G, 15th Floor**<br>**Judge:  Hon. Bernard Zimmerman**<br><br>**Trial Date: April 18, 2010** |

1

PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS FOR PURPOSES OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE OUTSIDE SALES AND ADMINISTRATIVE EXEMPTIONS - Case No.: 08-cv-01862-BZ

Pursuant to Civil L.R. 56-2 and this Court's October 7, 2009 Pretrial Scheduling Order [Doc. No. 65], Plaintiffs submit the following Separate Statement of Undisputed Facts for purposes of Plaintiffs' Motion for Partial Summary Judgment.

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| **1.** Because "[i]ndependents were closing and being replaced with big box stores, Wal-Marts," Hershey "wanted to adjust to the changing environment." | Rule 30(b)(6) Deposition of Robert Ibberson Vol. 1 at 49:1-3, Ex. G. |
| **2.** Hershey undertook a major restructuring of its domestic sales force in 2003 where the sales functions were centralized at Hershey corporate headquarters. | Third Amended Complaint ("TAC") ¶¶ 35-36, Ex. A; Hershey Answer to TAC ¶ 35, Ex. B. |
| **3.** The 2003 restructuring was "targeted to increase retail merchandising coverage." | H17394, Ex. U. |
| **4.** As a result of the centralization that occurred in 2003, Hershey now has "more discipline around the routing, store frequencies, model times according to store, action ability and business." | Rule 30(b)(6) Deposition of Robert Ibberson Vol. 2 95:22-24, Ex. H. |
| **5.** Hershey has divided its sales divisions into four Areas - the West, South, Central, and Northeast. | 30(b)(6) Dep. Ibberson Vol. 2, 57:18-21, Ex. H. |
| **6.** The essential functions of the RSR position are the same throughout the nation. | *Id.* at 18:14-20, Ex. H. |

| | |
|---|---|
| **7.**    Hershey headquarters develops the overall sales and merchandising plan for its retail store customers. | Rule 30(b)(6) Deposition of Thomas Smuda 270:15-19, Ex. I; Declaration of Sabrina Anderson ¶ 9; Declaration of Nancy Smith ¶ 9; Declaration of Josephine Godfrey ¶ 9; Deposition of RSR Declarant Colleen Dow 19:25-21:1, Ex. M. |
| **8.**    Hershey, at the headquarters level, will enter into an agreement with a customer such as Safeway and Wal-Mart, also at the headquarters level, in terms of type of product, promotions, price and the quantities of product to be sold. | Anderson Dec. ¶ 9; Smith Dec. ¶ 9; Godfrey ¶ 9; Deposition of RSR Declarant Derek Frederiksen 67:8-68:18, Ex. R; Dow 19:25-21:7, Ex. M. |
| **9.**    These transactions are consummated without the input of the RSRs. | Anderson Dec. ¶ 9; Smith Dec. ¶ 9; Godfrey ¶ 9. |
| **10.**   Hershey will then make its product and ship it to the customer's warehouse. | Frederiksen 68:19-69:1, Ex. R. |
| **11.**   As soon as Hershey's product leaves Hershey's warehouse, Hershey records a sale of its product. | Rule 30(b)(6) Deposition of John Zimmerman 18:9-24, Ex. L. |
| **12.**   The product will then go from the customer's warehouse as needed to the back areas of the individual grocery stores. | Frederiksen 69:13-17, Ex. R. |
| **13.**   The RSRs do not create nor participate in the makings of these headquarter sales and merchandising plans. | Anderson Dec. ¶ 9; Smith Dec. ¶ 9; Godfrey ¶ 9; Deposition of RSR Declarant Edward Taylor 39:15-25, Ex. N; Deposition of RSR Declarant Russell Brinkmann 89:17-90:10, Ex. O; Dow 19:3-10, 19:25-20:12, Ex. M; Deposition of RSR Declarant Todd Comley 75:7- |

| | | |
|---|---|---|
| | | 76:4, Ex. S. |
| 14. | The RSRs do not have any input into the volume of the product negotiated between Hershey and the retailers. | Dow 20:13-16, Ex. M; Anderson Dec. ¶ 9; Smith Dec. ¶ 9; Godfrey ¶ 9. |
| 15. | These upper-level transactions are undertaken by sales employees such as Customer Sales Executives ("CSE") and the Customer Team Leaders ("CTLs"). | Comley 76:11-21, Ex. S. |
| 16. | The RSRs do not have any account responsibility. | Taylor 79:15-17, Ex. N. |
| 17. | The RSRs must be at their first retail store between 7:00 a.m. and 8:00 a.m. | 30(b)(6) Dep. Ibberson Vol. 2, 57:22-58:5; 66:14-17, Ex. H; H00002952, Ex. V; Anderson Dec. ¶ 6; Smith Dec. ¶ 6; Godfrey Dec. ¶ 6. |
| 18. | Hershey has model call times for every class of store in the United States for which the RSR should spend in a store. | 30(b)(6) Ibberson Vol. 2 35:15-36:5, Ex. H. |
| 19. | The RSRs are required to check their voicemail (called Octel) three times a day. | 30(b)(6) Dep. Smuda 229:1-3, Ex. I. |
| 20. | If the RSR goes off of their route, the RSR must seek approval from the DSM. | 30(b)(6) Dep. Ibberson Vol. 2, 88:8-13; *see also Id.* at 58:6-10; 59:11-13, 59:14-16, Ex. H. |
| 21. | Once inside a store, the RSR is supposed to follow Hershey's Retail Call Procedure. | 30(b)(6) Dep. Ibberson Vol. 2, 58:20-23, Ex. H; Anderson Dec. ¶ 7; Smith Dec. ¶ 7; Godfrey Dec. ¶ 7. |
| 22. | The Retail Call Procedure consists of several steps such as checking the Hershey product on the floor to see if there were any out-of-stocks, examining the store to see if there were any available display spaces, building displays, | Anderson Dec. ¶ 7; Smith Dec. ¶ 7; Godfrey Dec. ¶ 7; *see also* H00002964 (Ex. W) and H00010727 (Ex. X) for examples. |

| | | |
|---|---|---|
| | replenishing permanent secondary displays, speaking with the store manager (which Hershey refers to as a "Key Decision Maker" or "KDM") about upcoming promotions and display spaces, going to the backroom to examine the Hershey product, cutting open boxes of Hershey product, and packing the product from the backroom to the store floor. | |
| 23. | Hershey directs a specific allocation of time for the job duties while in each retail outlet:<br><br>5%    pre-call plan/sign in<br>10%  check/correct front ends<br>10%  check/correct gondola<br>5%    check PSD's<br>5%    check backroom<br>10%  gain display approval/make sale<br>50%  merchandise product<br>5%    fill-out paperwork | P607, Ex. F; P85, Ex. E; Exhibit A to Anderson Dec. ¶ 7; Dow 90:2-12; 91:4-6, Ex. M. |
| 24. | An RSR on a typical day doing a typical call is expected to follow the Retail Call Procedure. | 30(b)(6) Dep. Ibberson Vol. 2, 173:15-22, Ex. H. |
| 25. | Once the RSR completes his or her calls for the day, they must continue at home with typical tasks such as checking Octel, email, and synchronizing the Rex. | 30(b)(6) Dep. Ibberson Vol. 2, 39:21-25, Ex. H; Anderson Dec. ¶ 8; Smith Dec. ¶ 8; Godfrey Dec. ¶ 8. |
| 26. | The RSRs do not take or place orders for Hershey product. | Anderson Dec. ¶ 4; Smith Dec. ¶ 4; Godfrey Dec. ¶ 4; Dow 80:21-22, Ex. M; Taylor 11:22-23, 12:23-24, Ex. N. |
| 27. | The RSRs are required to input into the Rex all of their activities during a call to each store. | 30(b)(6) Dep. Meanor 51:2-5; 59:1-3; 60:13-20, Ex. J. |

5
PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS FOR PURPOSES OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE OUTSIDE SALES AND ADMINISTRATIVE EXEMPTIONS - Case No.: 08-cv-01862-BZ

| | |
|---|---|
| 28. The RSRs are eligible for bonuses, but those bonuses are not based on individual efforts and instead are based on the performance of a territory or district as a whole. | *See Id.* at 162:9-163:11, Ex. K; Taylor 76:17-22, Ex. N; Anderson Dec. ¶ 10; Smith Dec. ¶ 10; Godfrey Dec. ¶ 10. |
| 29. Hershey considers a "sale" to occur when the product leaves Hershey's distribution centers, and not when the retailers to whom it sold product moves the product from their own warehouses to their individual retail outlets. | Rule 30(b)(6) Zimmerman 18:9-24, Ex. L. |
| 30. Hershey has four distribution centers in the United States located in separate regions and it books a sale of Hershey product the moment that product leaves one of those distribution centers. | *Id.*, Ex. L. |
| 31. It does not matter to Hershey whether the product actually reaches the customer; all that matters for Hershey to consider a sale to be a sale is when the product leaves Hershey's distribution center. | *Id.* at 19:16-20:12, Ex. L. |
| 32. When an RSR enters a retailer, Hershey has already recognized the product in the backroom as a sale from Hershey to the retailer. | *Id.* at 25:6-10, Ex. L. |
| 33. Hershey does not recognize a sale when an RSR prepares to call on a store. | *Id.* at 34:18-21, Ex. L. |

6
PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS FOR PURPOSES OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE OUTSIDE SALES AND ADMINISTRATIVE EXEMPTIONS - Case No.: 08-cv-01862-BZ

| | |
|---|---|
| **34.** Hershey does not recognize a sale when an RSR prepares to speak with a store manager. | *Id.* at 34:22-24, Ex. L.. |
| **35.** Hershey does not recognize a sale when an RSR drives to a store. | *Id.* at 34:25-35:1, Ex. L. |
| **36.** Hershey does not recognize a sale when an RSR conducts a walk-through or audit. | *Id.* at 35:2-4, Ex. L. |
| **37.** Hershey does not recognize a sale when an RSR provides ideas to a store manager. | *Id.* at 35:5-6, Ex L. |
| **38.** Hershey does not recognize a sale when an RSR shows sales data and other information to a store manager. | *Id.* at 35:7-9, Ex. L. |
| **39.** Hershey does not recognize a sale when an RSR suggests displays to a store manager. | *Id.* at 35:10-12, Ex. L. |
| **40.** Hershey does not recognize a sale when an RSR discusses promotions with the store manager. | *Id.* at 35:13-15, Ex. L. |
| **41.** Hershey does not recognize a sale when an RSR obtains end cap space from a store manager. | *Id.* at 35:16-18, Ex. L. |
| **42.** Hershey does not recognize a sale when an RSR obtains display space from a store manager. | *Id.* at 35:19-21, Ex. L. |
| **43.** Hershey does not recognize a sale when an RSR develops a relationship of trust with a store manager. | *Id.* at 35:22-24, Ex. L. |
| **44.** Hershey does not recognize a sale when an RSR checks the back room of a store to determine if the store has sufficient | *Id.* at 35:25-36:3, Ex. L. |

| | |
|---|---|
| stock of excess product on hand. | |
| **45.** Hershey does not recognize a sale when an RSR moves product from the back room of the store to the front room of the store. | *Id.* at 36:4-6, Ex. L. |
| **46.** Hershey does not recognize a sale when an RSR fills out of stock on a shelf. | *Id.* at 36:7-8, Ex. L. |
| **47.** Hershey does not recognize a sale when an RSR drives from a store to another store. | *Id.* at 36:9-11, Ex. L. |
| **48.** Hershey does not recognize a sale when an RSR synchronizes his or her Rex. | *Id.* at 36:11-14, Ex. L. |
| **49.** Hershey does not recognize a sale when an RSR checks voice mail and e-mail. | *Id.* at 36:15-16, Ex. L. |
| **50.** Hershey contends that conducting a walk through and audit, checking the backroom, meeting with a store manager, showing the store manager sales data, discussing displays, promotions, and end cap space with the store manager, developing a relationship of trust with a store manager, preparing for meetings, and moving product from the back room to the shelf and filling out of stocks is "selling" Hershey product. | Defendant The Hershey Company's Interrogatory Response, Ex. Y. |
| **51.** Hershey has internal time studies it prepared reflecting that talking with a store manager consists of less than 10% of | H03872-H03873, Ex. HH. |

8
PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS FOR PURPOSES OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE OUTSIDE SALES AND ADMINISTRATIVE EXEMPTIONS - Case No.: 08-cv-01862-BZ

| | |
|---|---|
| in-store call time. | |
| 52. This time study is consistent with Hershey's Retail Call Procedure where Hershey directed a specific allocation of time while in each retail outlet in which 10% or less of the time was to "make sale." | P607, Ex. F; P85, Ex. E; Exhibit A to Anderson Dec. ¶ 7. |
| 53. Hershey is unable to identify what percentage of its "sales" to its customers is the result of the RSRs as opposed to other higher-level sales employees. | 30(b)(6) Dep. Smuda 86:10-87:5, 88:6-89:1, 94:19-95:9, 103:15-104:14, Ex. I. |
| 54. Hershey has not ever attempted to break down the combination of headquarters, divisional, or store level "sales" to see what effort produces what result. | *Id.* at 95:10-18, Ex. I. |
| 55. Hershey would be "speculating" if it were was to provide any estimates as to what percent of sales were from the efforts of the RSRs. | *Id.* at 95:19-96:7, Ex. I. |
| 56. Hershey is not even sure how it could breakdown percentages. | *Id.* at 89:2-89:9, Ex. I. |
| 57. Hershey does not provide the RSRs with reports detailing what an RSR individually sold into a store, and the RSR annual performance review contains no tally of individual sales. | Dow 28:4-6, 12-20, 31:15-19, Ex. M; Todorich 28:15-21, Ex. T; Taylor 93:14-15, Ex. N. |
| 58. Hershey's use of the term "sale" in regards to the RSRs reflects an internal credit system of product already owned by | 30(b)(6) Ibberson Vol. 1 56:2-18, Ex. G; Dow 31:20-33:5, 33:6-25, 36:17-19, Ex. M; Todorich 13:10-14:7, Ex. T; Frederiksen 52:19-24, 53:10- |

| | |
|---|---|
| Hershey's customer being moved from a customer's warehouse to a specific store. | 19, 64:5-65:13, 66:2-5, 78:1-3, 69:25-70:21, 80:7-17, Ex. R; Comley 34:3-20, Ex. S; RSR Declarant Matthew Verdelli 55:20-56:18, Ex. P; Anderson Dec. ¶ 4; Smith Dec. ¶ 4; Godfrey Dec. ¶ 4. |
| **59.** Hershey also uses the term "sale" in regards to the RSRs is through point of sales ("POS") reports, which is the amount of Hershey product that a retailer sells to the retailer's customer. | Taylor 62:12-13, Ex. N; Todorich 27:9-16, Ex. T. |
| **60.** The only differences between the RSR and RSM position is that the RSRs call on larger retailers while the RSMs call on convenience stores, and the RSR position is starting position to begin a career at Hershey. | 30(b)(6) Dep. Ibberson Vol. 2, 97:3-19, Ex. H. |
| **61.** The RSRs are engaged in a substantial amount of heavy manual labor. | Anderson Dec. ¶ 7; Smith Dec. ¶ 7; Godfrey Dec. ¶ 7; Dow 56:14-23 58:2-20, Ex. M; Frederiksen 31:24-32:2; 45:11-24, 45:25-46:20, Ex. R; Kruse 43:3-6, 21:25, 45:6-10, Ex. Q; Taylor 57:18-58:14, Ex. N; Comley 121:21-122:20, Ex. S; Verdelli 75:11-25, Ex. P; H00001013-H00001022, Ex. Z; H00007647- H00007649, Ex. AA. |
| **62.** The RSRs are trained annually on "Retail Sales Safety In the Work Place Training Module." | 30(b)(6) Dep. Ibberson Vol. 2, 214:18-23; H00001013-H00001022, Ex. Z. |
| **63.** The RSRs are required to sign off on and submit this document to Hershey. | 30(b)(6) Dep. Ibberson Vol. 2, 217:10-15, Ex. H. |

| | |
|---|---|
| 64. The physical requirements of the RSR position include lifting and carrying boxes, climbing ladders, cutting boxes, moving display racks, and carrying materials in and out of the retail outlets RSRs service. | 30(b)(6) Ibberson Vol. 2, 218:8-19; 220:20-221:13, Ex. H; H00001013-H00001022, Ex. Z. |
| 65. The RSR position involves a specific set of "Physical Requirements." | H00007647- H00007649, Ex. AA. |
| 66. The "Physical Requirements" of the RSR position entails "constantly" lifting and carrying 1-25 pounds and "frequently" carrying and lifting 26-50 pounds. | H00007647- H00007649, Ex. AA. |
| 67. One of the "primary purpose" of the RSR job as set forth in the Job Description is to "insure best in class merchandising to include building displays, packing out product, and replenishing permanent secondary displays and maintain salability of all authorized Hershey items." | H00000782, Ex. AA. |
| 68. The RSRs' daily duties include building displays, replenishing permanent secondary displays, going to a store's backroom to examine the Hershey product, cutting open boxes of Hershey product, and packing the product from the backroom to the store floor. | Anderson Dec. ¶ 7; Smith Dec. ¶ 7; Godfrey Dec. ¶ 7; Dow 56:14-23 58:2-20; Frederiksen 31:24-32:2; 45:11-24, 45:25-46:20; Kruse 43:3-6, 21:25, 45:6-10; Taylor 57:18-58:14; Comley 121:21-122:20; Verdelli 75:11-25 |
| 69. Hershey's documentation confirms that the RSRs spent 10% or less of their time speaking to a store manager and a substantial amount of their time performing manual labor tasks. | H03872-H03873; P607; P85. |

| | |
|---|---|
| **70.** RSR Declarant Russell Brinkman does not assign himself his territory, he does not have the authority to remove stores from or add stores to his territory, does not play any role in the creation or negotiation of any headquarters sales plans, he does not have the authority to lower the price of Hershey product (unless the product is about to go bad and his supervisor has gives him authority to lower) nor does he play any role in product pricing for Hershey, he must notify his supervisor if he wants to start his day after the 7:00 a.m. start time, and he must notify his supervisor if he wants to run a personal errand during the day. | Brinkmann 88:1-16, 89:17-90:10, 91:16-92:6, 92:8-93:21, Ex. O. |
| **71.** RSR Declarant Colleen Dow does not negotiate for Hershey the headquarters sales plans with Wal-Mart, as that is done between account executives, nor does she have any input into those negotiations. | Dow 19:3-10, 19:25-20:12, Ex. M. |
| **72.** Ms. Dow has no say whatsoever in terms of the volume of product negotiated between Hershey and mass merchandisers (such as Wal-Mart, Lucky's, Safeway, Raley's, Save Mart and Nob Hill) or the pricing of any products, including periodic and seasonal promotions. | Dow 20:13-21:9; *see also* 54:11-16, Ex. M. |
| **73.** Ms. Dow does not have anything to do with the | Dow 26:9-13, 54:5-10, Ex. M. |

12
PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS FOR PURPOSES OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE OUTSIDE SALES AND ADMINISTRATIVE EXEMPTIONS - Case No.: 08-cv-01862-BZ

| | |
|---|---|
| headquarter merchandising plans and she does not prepare her own training materials. | |
| **74.** RSR Declarant Douglas Todorich does not have the authority to formulate management policies, carry out major assignments for Hershey, perform work that affects the overall business operations of Hershey to a substantial degree, commit Hershey as a whole on matters of significant financial impact to the company, have the authority to waive mandatory policies and procedures without getting prior approval, have the authority to negotiate and bind Hershey on significant matters, provide expert advice to the management team, assist Hershey's management or executive team with long or short term planning of Hershey's business objectives, investigate or resolve matters of significance to Hershey on behalf of management, represented Hershey in handling any grievance of any type, or represented Hershey to arbitrate any disputes. | Todorich 41:12-44:16, Ex. T. |
| **75.** RSR Declarant Tom Kruse does not have the authority to formulate Hershey management policies or practices, does not have the authority to commit Hershey to matters of significant financial impact to Hershey, is not authorized to unilaterally waive or deviate from Hershey's required policies and procedures except on minor issues, does not have authority | Kruse 85:2-6, 86:18-24, 88:9-22, 89:3-90:12, Ex. Q. |

| | |
|---|---|
| to negotiate and bind Hershey on significant contractual matters, does not provide expert advise to Hershey's management, has not been asked to be involved in Hershey's long or short term corporate business objectives, has not been asked by Hershey to investigate or resolve matters of significance to Hershey on behalf of Hershey's management team, and has never represented the company in handling employee complaints, arbitrating disputes, or resolving grievances. | |
| 76. RSR Declarant Edward Taylor does not have authority to formulate management policies at Hershey, does not implement management policies, does not formulate operating practices for Hershey, does not sign binding contracts for Hershey, does not have the authority to waive Hershey's policies, and is not involved with any planning meetings regarding Hershey's short term and long term goals. | Taylor 9:1-19, 11:18-25, 12:23-24, 13:2-11, 16:5-14, Ex. N. |
| 77. RSR Declarant Todd Comley does not personally play any role in negotiations between Hershey sales headquarters and Wal-Mart and other grocers regarding the sales and merchandising plans, does not have the authority to formulate Hershey's management policies, does not have authority to commit Hershey to matters of significant financial impact to | Comley 75:7-76:4, 76:22-77:1, 78:1-79:15, Ex. S. |

14
PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS FOR PURPOSES OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE OUTSIDE SALES AND ADMINISTRATIVE EXEMPTIONS - Case No.: 08-cv-01862-BZ

| | |
|---|---|
| Hershey, does not have the authority to waive Hershey's mandatory polices and procedures without getting prior approval, is not asked to provide expert advise to Hershey's sales management team at headquarters, does not help with Hershey's long or short term business planning objections, and has never represented Hershey in arbitrating any disputes or resolving any employee grievances. | |
| **78.**     RSR Declarant Derek Frederkisen does not have a high level of discretion about what he can do within Wal-Marts, and that he has never managed anyone as an RSR, has not ever drafted or prepared management level policies or procedures). | Frederiksen 31:14-16, 82:14-25, Ex. R. |

Dated:   January 12, 2011                           THE BRANDI LAW FIRM


                                                    By   /s/ Brian J. Malloy
                                                          Thomas J. Brandi
                                                          Brian J. Malloy

                                                    Attorneys for Plaintiffs

15
PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS FOR PURPOSES OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE OUTSIDE SALES AND ADMINISTRATIVE EXEMPTIONS - Case No.: 08-cv-01862-BZ