UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JULIE CAMPANELLI, et al., | ) | |
| Plaintiff(s), | ) | No. C 08-1862 BZ |
| v. | ) | |
| THE HERSHEY COMPANY, | ) | **ORDER RE CALCULATION OF OVERTIME DAMAGES** |
| Defendant(s). | ) | |

Defendant the Hershey Company has moved for "partial summary judgment" on the issue of the amount of unpaid overtime it would owe plaintiffs should it be found liable for violating the Federal Labor Standards Act.[1] Docket No. 303. Relying on the Supreme Court decision in <u>Overnight Motor Transp., Co. v. Missel</u>, 316 U.S. 572, 578 (1941), Hershey asserts that if plaintiffs prevail on liability, they can only recover 50% of their regular rate of pay, which is determined by dividing their compensation for a given work week by all hours worked in that week. Ultimately, resolution of this

---

[1] Hershey's motion does not seek relief regarding the calculation of overtime damages under California law, and this Order does not address it.

1

issue turns on whether there was a "clear mutual understanding" between Hershey and plaintiffs that the fixed salary that plaintiffs would receive was to compensate plaintiffs for all hours worked whatever their number. See <u>Russell v. Wells Fargo</u>, 672 F.Supp.2d 1008, 1012 (N.D. Cal. 2009) and cases collected therein.[2] Hershey has presented evidence from several plaintiffs that they had such an understanding. Plaintiffs have presented evidence that Hershey was compensating plaintiffs on the basis of a 38.75 hour work week, or "eight hours a day," as well as testimony of some plaintiffs that they reached no understanding on overtime with Hershey. This conflicting evidence presents a triable issue of fact. **IT IS THEREFORE ORDERED** that Hershey's motion is **DENIED**.

Dated: February 22, 2011

                                           _/s/ Bernard Zimmerman_
                                              Bernard Zimmerman
                                   United States Magistrate Judge

G:\BZALL\-BZCASES\CAMPANELLI V. HERSHEY\ORDER RE CALCULATION OF OVERTIME.wpd

---

[2] Hershey's stubborn reliance on <u>Urnikis-Negro v. Am. Family Prop. Servs.</u>, 616 F.3d 665 (7th Cir. 2010), is misplaced. The Seventh Circuit affirmed a 50% premium award <u>after</u> a trial, at which the court found that "Urnikis-Negro understood at the time of her hiring that her fixed salary was intended to cover <u>all</u> the hours she worked, even if they exceeded 40 hours per week." <u>Id.</u> at 670.

2