UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN ZULEWSKI, et al.,<br>  Plaintiff(s),<br>v.<br>THE HERSHEY COMPANY,<br>  Defendant(s). | No. C11-5117 BZ<br><br>**ORDER ON SCOPE OF NOTICE UNDER 29 U.S.C. § 216(b)** |

Before me are the narrow issues of whether a second collective action may proceed pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216, and if so, whether a second notice of the collective action should be sent and, more importantly, to whom the notice should be sent.

This action ("Zulewski"), filed October 19, 2011, mirrors and builds on Campanelli v. The Hershey Co., Case No. 08-1862 (filed April 7, 2008) ("Campanelli"), a suit against The Hershey Company ("Hershey"), alleging *inter alia* that Hershey's Retail Sales Representatives ("RSRs") were misclassified as exempt employees. In Campanelli, I permitted a nationwide FLSA collective action to proceed on behalf of all RSRs, and ruled as a matter of law that a Federal Rule 23

1

class action was not a superior method for adjudicating the state law claims of the California RSRs, and that the superior procedural path was instead to allow California RSRs to opt-in to the FLSA collective action to have their state law claims adjudicated. (Campanelli Docket No. 157.) Following this decision, in approximately October 2010, the parties sent two notices to the RSRs: an FLSA-only notice to approximately 730 non-California RSRs, and an FLSA and California notice to approximately 90 California RSRs, tailored to California law. (Campanelli Docket No. 163.)

On February 23, 2011, I granted the Campanelli plaintiffs' motion for partial summary judgment, ruling that the RSRs were misclassified as exempt employees. (Campanelli Docket No. 381.) Shortly thereafter, the parties settled the claims of those plaintiffs who had opted-in. Hershey reclassified the RSR position effective February 1, 2012.

Plaintiffs in the current case – current and former RSRs who either chose not to opt-in to the Campanelli action, or who were hired after the date of the first notice – have sued Hershey, once again seeking to certify both a Federal Rule 23 class of California RSRs and a nationwide FLSA collective action of RSRs based on claims of unpaid overtime. Currently, 74 individuals have joined this suit. Notwithstanding the notice which informed each RSR of the right to file an individual suit instead of opting into Campanelli, and the fact that the Campanelli plaintiffs prevailed, and that each RSR's potential recovery is substantial, no RSR has sued Hershey separately.

2

1    Having read the parties' respective briefs, I conclude
2 that while a second collective action is permissible (see,
3 e.g., Yates v. Wal-Mart Stores, Inc., 58 F. Supp. 2d 1217,
4 1218 (D. Colo. 1999); Lindsay v. Gov't Employee Ins. Co., Case
5 No. 04-1213, 2004 U.S. Dist. LEXIS 29830, 2004 WL 4012264, at
6 *5 n.4 (D.D.C. Nov. 9, 2004)), notice of this second
7 collective action should not be sent to those RSRs who
8 received notice in Campanelli, save for one group of employees
9 as further explained below.
10    The parties agree that the court has considerable
11 discretion in determining what manner of notice should be sent
12 in a successive collective action.  See Hoffmann-La Roche Inc.
13 v. Sperling, 493 U.S. 165, 169-72 (1989).  For purposes of
14 exercising my discretion, I have concluded that there are at
15 least three different groups of RSRs before the court: (1)
16 RSRs who were no longer employed by Hershey when they received
17 the Campanelli notice but elected not to opt-in; (2) RSRs who
18 were not sent the Campanelli notice, presumably because they
19 became employed by Hershey after notice was given; and (3)
20 RSRs who received the Campanelli notice and continued their
21 employment with Hershey but elected not to opt-in to
22 Campanelli.
23    As to the first group, I find that sending a second
24 notice to former RSRs who received notice in Campanelli, but
25 declined to join that collective action, would undercut the
26 collective action mechanism.  Essentially, Plaintiffs'
27 position is that RSRs who did not opt-in should be given
28 further rounds of notice until they either all opt-in or the

3

1  statute of limitations runs.  This approach seems inconsistent
2  with the one of the primary aims of the FLSA, which is to try
3  and resolve as many employee claims in one action as possible.
4  Id. at 170-71; see also Russell v. Wells Fargo & Co., Case No.
5  07-3993, 2008 U.S. Dist. LEXIS 78771, 2008 WL 4104212 (N.D.
6  Cal. Sept. 3, 2008).  The position Plaintiffs espouse would
7  provide a disincentive for employees to opt-in to a collective
8  action; it could encourage them to adopt a "wait and see"
9  approach to the litigation, secure in the belief they would
10 get more rounds of notice if the initial plaintiffs prevail.
11 Successive notices could also engender confusion among those
12 who do not wish to participate in a collective action.

13      Nor are the reasons Plaintiffs advanced for the need for
14 successive notices persuasive.  The Campanelli notice was
15 crafted and mailed to optimize the likelihood that it would be
16 read and understood.  To the extent RSRs ignored it because
17 they thought it was "junk mail," as Plaintiffs contend,
18 Plaintiffs never explained why successive notices would not
19 similarly be ignored.  Nor are former employees likely to have
20 been deterred from opting-in by fear of retaliation or
21 harassment, as Plaintiffs speculate.  Plaintiffs ignore the
22 likelihood that some RSRs did not opt-in simply because they
23 are litigation-adverse, or because they believed they were
24 properly classified as exempt employees.

25      As to the second group, Hershey has agreed to send a
26 second notice to all RSRs in California, in addition to RSRs
27 nationwide who were not sent notice in Campanelli. (Docket No.
28 98.)  Accordingly, the court is prepared to order that first

1  tier notice of this suit be sent to (1) all RSRs in
2  California, irrespective of whether they were sent notice of
3  Campanelli; and (2) RSRs nationwide who were not sent notice
4  in Campanelli because they became part of the conditional
5  class in Campanelli after notice in that case had already been
6  sent.

7  This leaves the third group; those who received notice,
8  did not opt-in, but continued their employment with Hershey.
9  This group shares some of the same issues as the first group,
10 but ultimately, because the FLSA is a remedial statute
11 (Probert v. Family Centered Servs. of Alaska, Inc., 651 F.3d
12 1007, 1010 (9th Cir. 2011) (quoting Dent v. Cox Commc'ns Las
13 Vegas, Inc., 502 F.3d 1141, 1146 (9th Cir. 2007)), I find that
14 the interests of justice are better served if this group of
15 individuals receives notice of the current action.  First,
16 this group may include individuals who decided not to opt-in
17 to Campanelli because they had only been employed by Hershey
18 for a short period of time when the Campanelli notice was
19 given in 2010.  Put differently, such individuals may have
20 decided that, as new RSRs, they had little to gain by opting-
21 in to the Campanelli suit, or that they had not worked as an
22 RSR long enough to make a determination as to whether they
23 believed they were properly classified.  Second, I found in
24 Campanelli that the RSR position is not exempt.  Absent a
25 showing that in 2011 the RSR position was somehow different,
26 Hershey appears to be liable to this group for unpaid overtime
27 pay.  Hershey did not ultimately reclassify the RSR position
28 until sometime in January 2012, effective February 1, 2012.

5

This means that for an approximate 14-month period after the Campanelli notice was sent, these RSRs worked without overtime.  For those RSRs that were in fact newly employed, the decision on whether to now opt-in to Zulewski would likely be influenced by this passage of time, and the prejudice to Hershey versus the prejudice to these RSRs weighs in favor of sending notice to this group.

Accordingly, I find that first tier notice in this case shall be sent to (1) all RSRs in California, irrespective of whether they were sent notice of Campanelli; (2) RSRs nationwide who were not sent notice of Campanelli because they became part of the conditional class in Campanelli after notice in that case had already been sent; and (3) RSRs who were employed in that position at the time that the Campanelli notice was sent, and who remained employed as RSRs through January 1, 2012.

I am prepared to order this form of notice unless Hershey files specific objections, not already addressed, by **April 11, 2012**.  Otherwise, the parties shall jointly submit a proposed notice by **April 12, 2012**.

Dated: April 6, 2012

                                                           _____
                                                                    Bernard Zimmerman
                                                              United States Magistrate Judge

G:\BZALL\-BZCASES\ZULEWSKI V. THE HERSHEY CO\ORDER ON SECOND COLLECTIVE ACTION NOTICE.V4.wpd