MORGAN, LEWIS & BOCKIUS LLP
REBECCA EISEN, STATE BAR NO. 96129
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Telephone: 415.442.1000; Facsimile: 415.442.1001
E-mail: reisen@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
MICHAEL J. PUMA (admitted *pro hac vice*)
1701 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5000; Facsimile: 215.963.5001
Email: mpuma@morganlewis.com

Counsel for Defendant, The Hershey Company

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| RYAN ZULEWSKI, et al., | **CASE NO.: 3-11-CV-05117-BZ** |
|---|---|
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS AND INFORMATION** |
| v. | |
| THE HERSHEY COMPANY, | |
| Defendant. | |

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs and Defendant, through their respective counsel, that, during this action, all documents, information, tangible items, and testimony designated as Confidential by the producing party in the above matter be, and hereby are, subject to the following terms and conditions.

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTIVE ORDER
CASE NO.: 3-11-CV-05117-BZ

1  confidential, proprietary, or private information for which special protection from public

2  disclosure and from use for any purpose other than litigating this case would be warranted.

3  Accordingly, the parties hereby stipulate to and petition the Court to enter the following

4  Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket

5  protections on all disclosures or responses to discovery and that the protection it affords extends

6  only to the limited information or items that are entitled under the applicable legal principles to

7  treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that

8  this Stipulated Protective Order creates no entitlement to file confidential information under seal;

9  Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards

10  that will be applied when a party seeks permission from the Court to file material under seal.

11  2.    DEFINITIONS

12  

13  2.1    Party: any party to this action, including all of its officers, directors, employees,
consultants, retained experts, and outside counsel (and their support staff).

14  

15  2.2    Disclosure or Discovery Material: all items or information, regardless of the

16  medium or manner generated, stored, or maintained (including, among other things, testimony,

17  transcripts, or tangible things) that are produced or generated in disclosures or responses to
discovery in this matter.

18  

19  2.3    "Confidential" Information or Items: information (regardless of how generated,

20  stored or maintained) or tangible things that qualify for protection under standards developed
under F.R.Civ.P. 26(c).

21  

22  2.4    Receiving Party: a Party that receives Disclosure or Discovery Material from a
Producing Party.

23  

24  2.5    Producing Party: a Party or non-party that produces Disclosure or Discovery
Material in this action.

25  

26  2.6    Designating Party: a Party or non-party that designates information or items that it
produces in disclosures or in responses to discovery as "Confidential."

27  

28  

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

STIPULATED PROTECTIVE ORDER
CASE NO.: 3-11-CV-05117-BZ

1        2.7     Protected Material: any Disclosure or Discovery Material that is designated as

2  "Confidential."

3        2.8     Outside Counsel: attorneys who are not employees of a Party but who are retained

4  to represent or advise a Party in this action.

5        2.9     House Counsel: attorneys who are employees of a Party.

6        2.10    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their

7  support staffs).

8        2.11    Expert: a person with specialized knowledge or experience in a matter pertinent to

9  the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a

10  consultant in this action and who is not a past or current employee of a Party or of a competitor of

11  a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a

12  competitor of a Party. This definition includes a professional jury or trial consultant retained in

13  connection with this litigation.

14        2.12    Professional Vendors: persons or entities that provide litigation support services

15  (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,

16  storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

17  3.     SCOPE

18

19        The protections conferred by this Stipulation and Order cover not only Protected Material

(as defined above), but also any information copied or extracted therefrom, as well as all copies,

20  excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

21  parties or Counsel to or in Court or in other settings that might reveal Protected Material.

22

23  4.     DURATION

24        Even after the termination of this litigation, the confidentiality obligations imposed by this

25  Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order

26  otherwise directs.

27

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

3

STIPULATED PROTECTIVE ORDER
CASE NO.: 3-11-CV-05117-BZ

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), and sections 5.2(b) and (c), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" on each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed CONFIDENTIAL. After the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

STIPULATED PROTECTIVE ORDER
CASE NO.: 3-11-CV-05117-BZ

1    inspecting Party has identified the documents it wants copied and produced, the Producing Party
2    must determine which documents, or portions thereof, qualify for protection under this Order.
3    Then, before producing the specified documents, the Producing Party must affix the legend
4    "CONFIDENTIAL" at the top of each page that contains Protected Material. If only a portion or
5    portions of the material on a page qualifies for protection, the Producing Party also must clearly
6    identify the protected portion(s) (e.g., by making appropriate markings in the margins).

7             (b)     for testimony given in deposition or in other pretrial or trial proceedings,
8    that Counsel for the deponent or witness providing testimony, within thirty (30) days after the
9    final version of the transcript has been received by such Counsel, designate any portions of the
10   transcript which contain testimony concerning CONFIDENTIAL information. Upon the request
11   of Counsel on the record (i.e., before the deposition or proceeding is concluded), deposition or
12   hearing testimony in its entirety shall be treated as CONFIDENTIAL until expiration of the 30-
13   day designation period.

14            (c)     for information produced in some form other than documentary, and for
15   any other tangible items, that the Producing Party affix in a prominent place on the exterior of the
16   container or containers in which the information or item is stored the legend "CONFIDENTIAL."
17   If only portions of the information or item warrant protection, the Producing Party, to the extent
18   practicable, shall identify the protected portions.

19        5.3    Need for Higher Level of Confidentiality. In the event the Producing Party
20   believes that material to be produced, or testimony to be given, is deserving of a higher-level of
21   confidentiality than the protections provided herein for "Confidential" materials, the Producing
22   Party shall contact the Party to whom disclosure would otherwise be made to explain the need for
23   and the specifics of the higher level of protection. The Parties shall meet and confer in good faith
24   to come to agreement on the designation and its scope. If the Parties cannot agree, the Producing
25   Party shall submit the matter to the Court for resolution per paragraph 6.3 of this Order, and shall
26   not be required to produce the material in question until the Court issues a decision.

27        5.4    Inadvertent Failures to Designate. If corrected, an inadvertent failure to designate
28   qualified information or items as "Confidential" or as some other level of confidentiality, does

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

STIPULATED PROTECTIVE ORDER
CASE NO.: 3-11-CV-05117-BZ

not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or as some other level of confidentiality after the material was initially produced, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1      Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is made.

6.2      Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3      Judicial Intervention.  A Party that elects to press a challenge to a  confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

STIPULATED PROTECTIVE ORDER
CASE NO.: 3-11-CV-05117-BZ

1  forth with specificity the justification for the confidentiality designation that was given by the

2  Designating Party in the meet and confer dialogue.

3      The burden of persuasion in any such challenge proceeding shall be on the Designating

4  Party. Until the court rules on the challenge, all parties shall continue to afford the material in

5  question the level of protection to which it is entitled under the Producing Party's designation.

6  7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7      7.1      Basic Principles.  A Receiving Party may use Protected Material that is disclosed

8  or produced by another Party or by a non-party in connection with this case only for prosecuting,

9  defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only

10  to the categories of persons and under the conditions described in this Order.  When the litigation

11  has been terminated, a Receiving Party must comply with the provisions of section 11, below

12  (FINAL DISPOSITION).

13      Protected Material must be stored and maintained by a Receiving Party at a location and

14  in a secure manner that ensures that access is limited to the persons authorized under this Order.

15      7.2      Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

16  ordered by the Court or permitted in writing by the Designating Party, a Receiving Party and/or a

17  Receiving Party's Outside Counsel may disclose any information or item designated

18  CONFIDENTIAL only to:

19          (a)      the Receiving Party and the Receiving Party's Counsel, subject to the

20  exception in paragraph 7.2(h) below, as well as employees of the Receiving Party's Counsel to

21  whom it is reasonably necessary to disclose the information for this litigation and who have

22  signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

23          (b)      the officers, directors, and employees of the Receiving Party to whom

24  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

25  Bound by Protective Order" (Exhibit A);

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

1    (c)    experts (as defined in this Order) of the Receiving Party to whom
2  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be
3  Bound by Protective Order" (Exhibit A);

4    (d)    the Court and its personnel;

5    (e)    court reporters, their staffs, and Professional Vendors to whom disclosure
6  is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by
7  Protective Order" (Exhibit A);

8    (f)    during their depositions, witnesses in the action to whom disclosure is
9  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"
10  (Exhibit A);

11    (g)    the author of the document or the original source of the information; and

12    (h)    with respect to employee or personnel records, only the employees or
13  former employees (i.e., named plaintiffs) who are the subject of said records, and not to other
14  persons, employees or former employees (i.e., other named plaintiffs), unless the Receiving
15  Party's Outside Counsel has the consent of the subject of said records to further disclose those
16  records.

17  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
18    LITIGATION.

19    If a Receiving Party is served with a subpoena or an order issued in other litigation that
20  would compel disclosure of any information or items designated in this action as
21  "CONFIDENTIAL" or as some other level of confidentiality, the Receiving Party must so notify
22  the Designating Party, in writing (by fax, if possible) immediately and in no event more than
23  three court days after receiving the subpoena or order. Such notification must include a copy of
24  the subpoena or court order.

25    The Receiving Party also must immediately inform in writing the party who caused the
26  subpoena or order to issue in the other litigation that some or all the material covered by the
27  subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8    STIPULATED PROTECTIVE ORDER
CASE NO.: 3-11-CV-05117-BZ

1 deliver a copy of this Stipulated Protective Order promptly to the party in the other action that
2 caused the subpoena or order to issue.

3      The purpose of imposing these duties is to alert the interested parties to the existence of
4 this Protective Order and to afford the Designating Party in this case an opportunity to try to
5 protect its confidentiality interests in the court from which the subpoena or order issued. The
6 Designating Party shall bear the burdens and the expenses of seeking protection in that court of its
7 confidential material — and nothing in these provisions should be construed as authorizing or
8 encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9    9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
11 Material to any person or in any circumstance not authorized under this Stipulated Protective
12 Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the
13 unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)
14 inform the person or persons to whom unauthorized disclosures were made of all the terms of this
15 Order, and (d) request such person or persons to execute the "Agreement to Be Bound by
16 Protective Order" that is attached hereto as Exhibit A.
17

18    10.    FILING PROTECTED MATERIAL.

19      Without written permission from the Designating Party or a court order secured after
20 appropriate notice to all interested persons, a Party may not file in the public record in this action
21 any Protected Material. A Party that seeks to file under seal any Protected Material must comply
22 with Civil Local Rule 79-5.

23    11.    FINAL DISPOSITION.

24
25      Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days
26 after the final termination of this action, each Receiving Party must return all Protected Material
27 to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies,
28 abstracts, compilations, summaries or any other form of reproducing or capturing any of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9        STIPULATED PROTECTIVE ORDER
CASE NO.: 3-11-CV-05117-BZ

1   Protected Material. With permission in writing from the Designating Party, the Receiving Party
2   may destroy some or all of the Protected Material instead of returning it. Whether the Protected
3   Material is returned or destroyed, the Receiving Party must submit a written certification to the
4   Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day
5   deadline that identifies (by category, where appropriate) all the Protected Material that was
6   returned or destroyed and that affirms that the Receiving Party has not retained any copies,
7   abstracts, compilations, summaries or other forms of reproducing or capturing any of the
8   Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy
9   of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work
10  product, even if such materials contain Protected Material. Any such archival copies that contain
11  or constitute Protected Material remain subject to this Protective Order as set forth in Section 4
12  (DURATION), above.

13          In addition, at Hershey's expense, an archival copy of all Protected Material it produces in
14  this case shall be retained by Outside Counsel for Hershey for a period of four years from the date
15  of final disposition of this case. If Plaintiffs' Counsel needs access to any of said Protected
16  Material within the four year term, they may serve a written request upon Hershey's Outside
17  Counsel setting forth the reasons for needing access to the Protected Material. Hershey's Outside
18  Counsel shall timely respond to such a request and shall not unreasonably decline Plaintiffs'
19  Counsel's request to access the Protected Material. In the event Hershey's Outside Counsel does
20  not agree to allow Plaintiffs' Counsel access to the Protected Material, Plaintiffs' Counsel may
21  submit the matter to the Court for resolution. If the Court determines that the reasons set forth by
22  Plaintiffs' Counsel for needing access to the Protected Material are justified, it shall order Outside
23  Counsel for Hershey to provide Plaintiffs' Counsel with access to the Protected Material, and,
24  once received, Plaintiffs' Counsel shall treat the Protected Material in accordance with the terms
25  of this Protective Order.

26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10                              STIPULATED PROTECTIVE ORDER
                                CASE NO.: 3-11-CV-05117-BZ

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

Respectfully submitted,

Dated: April 10, 2012.           MORGAN, LEWIS & BOCKIUS LLP
                                 REBECCA EISEN
                                 MICHAEL J. PUMA

                                 By: _Michael Puma/cf_
                                     MICHAEL J. PUMA

                                 Attorneys for Defendant
                                 THE HERSHEY COMPANY

Dated: April 12, 2012.           THE BRANDI LAW FIRM
                                 THOMAS J. BRANDI
                                 BRIAN J. MALLOY

                                 HOBAN & FEOLA LLC
                                 DAVID C. FEOLA

                                 By: _____
                                     BRIAN J. MALLOY

                                 Attorneys for Named Plaintiffs

11

1

**ORDER**

2

Subject to the parties' stipulation, the foregoing Protective Order is approved, and IT IS

3

SO ORDERED.

4

Dated: April 12, 2012.

5

6

7

8

9

Bernard Zimmerman, United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

STIPULATED PROTECTIVE ORDER
CASE NO.: 3-11-CV-05117-BZ

1

**EXHIBIT A**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

STIPULATED PROTECTIVE ORDER
CASE NO.: 3-11-CV-05117-BZ

1

2                  UNITED STATES DISTRICT COURT

3            NORTHERN DISTRICT OF CALIFORNIA

| 4 | RYAN ZULEWSKI, et al., | Case No.: 3-11-CV-05117-BZ |
|---|---|---|
| 5 | Plaintiffs, | **CERTIFICATION** |
| 6 | v. | |
| 7 | THE HERSHEY COMPANY, | |
| 8 | Defendant. | |

9

10     1.      My name is_____.

11     I live at _____.

12     I am employed as (state position)_____

13     by (state name and address of employer)_____.

14
15     2.      I have read the Confidentiality Order that has been entered in this case, and a copy of it

16     has been given to me. I understand the provisions of this Order, and agree to comply with and to

17     be bound by its provisions.

18
19     3.      I declare under penalty of perjury that the foregoing is true and correct.

20
21     Executed on_____(date)

22     by_____(signature)

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
CASE NO.: 3-11-CV-05117-BZ